**John Tripp WARNER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0227–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 16, 1982.

J. Phillip Scardino, Houston, for appellant.

John Holmes, Houston, for appellee.

Before JACK SMITH, BASS and DUGGAN, JJ.

## OPINION

JACK SMITH, Justice.

The appellant was charged with aggravated robbery, and waived indictment and right to trial by jury. Trial was to the court, which found him guilty. After a hearing on the pre-sentence investigation, held before another judge, the appellant was sentenced to twenty-five years confinement.

The appellant first alleges that the trial court erred in admitting certain items of demonstrative evidence, a gun and cash money, because the chain of custody was broken and the proper foundation had not been laid. We are of the opinion that there is sufficient evidence in the record to trace the chain of custody of the gun and the bills; however, there are other and more compelling reasons why the evidence was properly admitted.

Two police officers testified that the offered gun was found at the scene of the robbery. The second of these police officers testified that his partner took possession of the gun and placed his initials, L.H., upon the butt of the gun. He further described the gun and stated that it was a .38 caliber automatic pistol. The gun which was presented to him at trial matched his description of the gun, including the initials L.H. on the butt of the gun.

As to the money, the complainant, the owner of the store which had been robbed, had made a list of the serial numbers of certain bills in his cash register prior to the robbery. After the robbery, he went to the police department property room and notified the police of his list. The money which had been taken from the defendant's pockets, placed in an envelope, tagged, numbered, and placed in the police property room, was removed from the envelope and compared with the complainant's list of serial numbers. Six of the bills from the envelope, one $5 bill and five $1 bills, matched the serial numbers on the complainant's list. At time of trial the only bills that were admitted into evidence were those six bills which had matching serial numbers from the complainant's list. All others were excluded. We attach no significance to the fact that two unidentified business cards, which could not be identified, were in the envelope with the money. The cards were not offered into evidence.

Ordinarily, when an object is easily identifiable as being a particular item, the chain of custody need not be shown if there is direct evidence at the trial that the same item was taken from the scene of the crime. *Anderson v. State*, 504 S.W.2d 507 (Tex.Cr. App.1974). The identification made of the gun and the bills was positive and unequivocal, and we hold that the trial court did not err in admitting these items into evidence. Appellant's first ground of error is overruled.

The appellant next alleges that the trial court erred in refusing to allow counsel for the defendant to make a full and complete bill of exceptions. On cross-examination, the complainant testified that there were five guns in the store, but refused to tell appellant's counsel where the guns were kept. The trial court refused to compel the witness to tell where he kept his guns. The appellant was allowed to complete his bill of exceptions except for this one question. There is no showing of harm or how this testimony might have contributed to the

appellant's defense. Under these circumstances, we see no harm to the appellant, and his second ground of error is overruled.

 The appellant lastly complains that it was an abuse of discretion to allow a different judge to set the appellant's sentence, because there was insufficient evidence before the sentencing judge. The State and the defense were allowed to give their version of the facts of the case to the sentencing judge. He had before him a presentence report and heard testimony from defense witnesses as to the appellant's potential for reform.

A district judge may sit for another, and such a substitution is reviewable only upon a showing of abuse of discretion. *Blott v. State,* 588 S.W.2d 588 (Tex.Cr.App.1979). There is nothing in the record to establish that an abuse of discretion was made in the instant case. Furthermore, the appellant did not object to the change of judges; thus, he did not preserve this ground of error. *Joines v. State,* 482 S.W.2d 205 (Tex. Cr.App.1972). The appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.