**Sharon Lynne ARMSTRONG, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–85–283–CR to 2–85–285–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 5, 1986.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for appellee.

Before HOPKINS, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This is an appeal from an order revoking the probation of appellant.

We affirm.

On April 20, 1981, appellant pled guilty and was convicted of three separate offenses of burglary of a habitation. *See* TEX.PENAL CODE ANN. sec. 30.02(a)(1) and (3) (Vernon 1974). Pursuant to a plea bargaining agreement, the trial court assessed punishment at ten years imprisonment in the Texas Department of Corrections. The imposition of the sentence was suspended, and appellant was placed on probation for the full term of her sentence. The State filed a petition for revocation of probated sentence on October 28, 1985, alleging that appellant violated the terms and conditions of her probation by agreeing to engage in sexual conduct with an undercover police officer for a fee. At a hearing on the State's motion appellant was found guilty of violating her probation and sentenced to eight years imprisonment in the Texas Department of Corrections for each burglary offense, the sentences to run concurrently.

In her sole point of error, appellant contends that she was denied due process of law by having her probation revoked by a court created in violation of the Texas Constitution.

The State's petition was filed in Criminal District Court Number Two and the probation revocation hearing took place in an "Impact Court" with Judge Gordon Gray presiding. The record reflects that Judge Gray signed the judgment revoking probation as the presiding judge in Criminal District Court Number Two of Tarrant County, Texas. Judge Gray was assigned to Criminal District Court Number Two as a former district judge. TEX.REV.CIV. STAT.ANN. art. 200a, sec. 5a (Vernon 1969), amended by section 1828, Acts 1985, 69th Legislature, p. 4625, ch. 602, sec. 18.

The Texas Constitution has vested the Texas Legislature with the power to create district courts. TEX. CONST. art. V, sec. 1. Appellant asserts that this "Impact Court" is a separate district court created, not by the Texas Legislature, but by the County Commissioner's Court. Since this "Impact Court" was not properly created, appellant claims, it is unconstitutional and appellant should have her conviction reversed.

We disagree. The name "Impact Court" is nothing more than a term of convenience. Appellant produced no evidence to prove that the "Impact Court" is a separate district court. To the contrary, this court is simply an extension of the Criminal District Courts of Tarrant County, and in this instance, Criminal District Court Number Two. Appellant attached to her brief a copy of an "ordinance" issued by the County Commissioner's Court that she claims creates a separate district court. However, the "ordinance" is nothing more than a budgetary resolution used as a guideline for appropriating money to the "Impact Court." Similar "Impact Courts" have been expressly upheld in prior cases. *Hunnicutt v. State*, 523 S.W.2d 244, 245 (Tex.Crim.App.1975); *Zamora v. State*, 508 S.W.2d 819, 822 (Tex.Crim.App.1974); *Banks v. State*, 662 S.W.2d 616, 617 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) (upholding constitutionality of judicially created "annex courts").

Since the "Impact Court" is an extension of the district court, it follows that there

are two presiding judges in Criminal District Court Number Two in Tarrant County. It has been consistently held that two judges may try different cases in the same court at the same time, each occupying a separate courtroom. *Zamora,* 508 S.W.2d at 823; *Reed v. State,* 500 S.W.2d 137, 138 (Tex.Crim.App.1973); *Haley v. State,* 151 Tex.Crim.R. 392, 208 S.W.2d 378, 379–80 (1948); *Banks,* 662 S.W.2d at 617. Accordingly, we find that the "Impact Court" is not a separate district court, but is a constitutionally permissible extension of the Criminal District Courts of Tarrant County. *Hunnicutt,* 523 S.W.2d at 245; *Zamora,* 508 S.W.2d at 823. Appellant's point of error is overruled.

Judgment affirmed.