Tommy Ray FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–87–091–CR, A14–87–092–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 25, 1987.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Edward D. Porter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from two aggravated robbery convictions. The jury rejected appellant's not guilty plea in both causes, found he had two prior felony convictions, and assessed punishment in each cause at confinement for life. Issues on appeal concern the authority of the trial judge to preside over the trials, and the prosecutor's jury argument. We affirm.

On August 30, 1986, at approximately 1:30 a.m., the appellant approached Milton Brown, the complainant in the first cause, as Brown was using a telephone outside a closed convenience store. He pulled a knife, threw Brown to the ground, robbed him, and stole his car. Brown later identified the appellant from a photo array and a lineup.

At approximately 5:30 a.m. the same morning, the appellant arrived at a service station where Kevin Martin was working alone. After buying some gas, the appellant asked Martin to help him take a fuse from his car. When Martin bent to look in the car, the appellant attacked him with a knife and cut Martin's lip. He then robbed Martin, while holding the knife to Martin's throat. Martin attempted to escape. The appellant caught him and forced him to open the cash register. The appellant took

money from the cash register, and stabbed Martin in the neck and leg before fleeing in the stolen car. Despite his wounds, Martin managed to get a gun from inside the station and shoot twice, hitting the car at least once. Martin subsequently identified the appellant from a photo array.

■ In his first point of error, appellant contends that the trial judge was not authorized to preside over his trial because the judge was not properly assigned to the 228th District Court.

The Honorable Robert E. Montgomery, former judge of the 100th District Court, was assigned to the 174th District Court of Harris County, Texas ("Impact Court") by order of the presiding judge of the Second Administrative Judicial Region. The assignment was made pursuant to Tex.Gov. Code Ann. § 74.033 (Vernon 1986), and the Court Administration Act, Tex.Rev.Civ. Stat.Ann. art. 200a-1 (Vernon Supp.1987).

Both the Government Code and the Court Administration Act permit the presiding judge of an administrative district to assign judges in that district to hold special or regular terms of court in any county in that district. The presiding judge of one district may also request the presiding judge of another district to furnish judges to aid in the disposition of cases in the requesting judge's administrative region.

Appellant contends that since Judge Montgomery had presided over a court in the Ninth District, his assignment to a court in the Second District was improper without a request from the Second District to the Ninth District, or an order from the Ninth District.

Although there is no indication of any order issuing from the Ninth District assigning Judge Montgomery to the Second District, because appellant failed to object to Judge Montgomery's assignment to his case, he failed to preserve this ground of error. *Joines v. State*, 482 S.W.2d 205, 208 (Tex.Crim.App.1972); *Warner v. State*, 646 S.W.2d 478, 480 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Appellant's first point of error is overruled.

■ Appellant's second point of error also contends that Judge Montgomery was not authorized to preside over appellant's trials. Appellant claims that it was not shown that the presiding judge of the 174th District Court was absent or trying a capital murder case, or that the judge was the presiding administrative judge who was present, but attending to administrative duties. Appellant relies on a section of the Government Code specifically dealing with the assignment of judges in Harris County. Tex.Gov.Code Ann. § 74.061 (Vernon Supp. 1986).

This point of error turns on a conflict between the Government Code and the Court Administration Act. Some legislative history is required to understand this problem. The legislature enacted the judicial title of the Government Code on May 17, 1985. The provisions of Civil Statute article 200a dealing with the assignment of judges in Harris County were recodified as Government Code section 74.061. However, the same session of the legislature also passed the Court Administration Act, which repealed all of article 200a and enacted a more comprehensive act for the administration of the Texas courts. Tex.Rev.Civ. Stat.Ann. art. 200a-1 (Vernon Supp.1987). The Harris County assignment provision contained in the former article 200a and the Government Code is not included in the Court Administration Act.

According to the Government Code, if any provision of a code conflicts with a statute enacted by the same legislature, the statute controls. Tex.Gov.Code Ann. § 311.031(c) (Vernon 1986). Therefore, the assignment of district judges as authorized by sections 4.016 and 4.017 of the Court Administrative Act is applicable in all counties, including Harris County. The limitation on assignment in Harris County, contained in section 74.061 of the Government Code, was repealed by the legislature. *See* Op.Tex.Att'y Gen. No. JM–474 (1986). Therefore, Judge Montgomery was properly assigned. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial judge erred in refusing to instruct the jury to disregard statements by the prosecutor. The appellant claims

these statements were an attempt to shift the burden of proof. We find appellant's claim to be without merit.

██ Proper jury argument is limited to the general areas of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to arguments of counsel; and (4) pleas for law enforcement. An argument exceeding these bounds will not constitute reversible error unless, in light of the record as a whole: the argument is extreme or manifestly improper; it violates a mandatory statute; or it injects new facts, harmful to the accused, into the trial proceeding. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). The prosecutor is permitted to explain evidentiary problems, issues and circumstances in a case. *Brown v. State,* 640 S.W.2d 275, 280 (Tex.Crim.App. 1982).

██ Appellant objected to the following statements made by the prosecutor during final argument:

[The Prosecutor]: Ladies and gentlemen of the jury, during your deliberations in the case you must not consider, discuss nor relate any matters not in evidence before you.

. . . .

You know it didn't help the State's case because I didn't bring it and you know it didn't help his case because he didn't bring it, so it's just insignificant once again.

Appellant's counsel objected to these statements as an attempt to shift the burden of proof to the appellant. The court sustained the objection, and denied appellant's motion for new trial. Appellant made a belated request for an instruction that the jury disregard, which was denied. The prosecutor then continued with his argument:

I am certainly not trying to tell the jury [the burden of proof is] anywhere except on the State, believe me. No wallet, credit cards, beeper, no Seiko, no money. Robbery occurred at 5:30 in the morning, folks. He is arrested at midnight. He had all day to spend the money, get rid of the Seiko, whatever. He had a buddy with him.

Viewing the prosecutor's argument in its entirety, it is appears that he was not attempting to shift the burden of proof, but was explaining to the jury why the state failed to produce the items taken in the offense. It was a reasonable deduction from the evidence that since the appellant had several hours to dispose of the stolen items, they were not found when he was arrested. Any error in the trial court's refusal to give an instruction to the jury was harmless. Appellant's third point of error is overruled.

In his fourth point of error, appellant contends the prosecutor committed fundamental error by stating that the appellant intended to kill the complainant in the second cause when he said he wanted to take the complainant with him. No objection was made to this statement.

██ Any impropriety in a prosecutor's argument is generally waived by a defendant's failure to make a proper and timely objection, unless the argument is so prejudicial that an instruction to disregard will not cure the harm. *Romo v. State,* 631 S.W.2d 504, 505 (Tex.Crim.App. [Panel Op.] 1982).

██ The complainant, Kevin Martin, testified that the appellant had attacked him with a knife, cut him on the lip, and robbed him with the knife poised at his throat. The appellant told Martin that he was going to take Martin with him. Martin testified he didn't think he would return from this journey. When he resisted, the appellant stabbed him in the neck and leg.

Based on Martin's testimony, it is reasonable to deduce that the appellant intended to kill his victim. *Todd,* 598 S.W.2d at 296–97. We have reviewed the prosecutor's statements and find them to be a proper summary of the evidence. They were not so prejudicial that they could not have been cured by an instruction. Appellant's fourth point of error is overruled.

The judgment is affirmed.