**Herman Williams ROGERS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–92–167 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 13, 1993.

John F. Miller, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Crim. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Herman Williams Rogers, Jr., of aggravated possession of a controlled substance. Appellant pleaded "true" to the enhancement allegation. The court assessed punishment at thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises six points of error.

 We address the first two points together, as follows:

Point of error one: The trial court erred in failing to take remedial measures with regard to the words "drug impact" as they appear in the name of his court, up to and including a declaration of a mistrial, where such words are prejudicial and violate appellant's due process rights to a fair trial before an impartial jury.

Point of error two: The trial court erred in failing to take remedial measures with regard to the words "drug impact" as they appear in the name of his court, up to and including a declaration of mistrial, where such words violate appellant's constitutional right to a presumption of innocence.

Before voir dire, counsel for appellant moved to dismiss the array "because of the 'drug impact' sign that is indicated outside the door which each person on the jury panel could see." Appellant now argues: "... the word 'impact' with the word 'court' carries overtones associated with institutionalizing transformation of social conditions." The gravamen of his argument is that the words "drug impact court" are "an outside influence creating prejudice" because they are seen by the venirepersons as they enter the courtroom. Appellant claims "... it is by now obvious that the name 'Drug Impact Court' was chosen with an obvious intent of creating a prejudiced sense of foreboding or mission upon entry into the courtroom." Appellant analogizes trying appellant in the "drug impact court" to trying appellant in jail clothes, a practice found violative of due process rights to fair trial and presumption of innocence. *Randle v. State*, 826 S.W.2d 943 (Tex.Crim.App.1992). The words "drug impact court" are facially no more prejudicial than the words "criminal district court", in that both terms denote the specialized docket of the particular court. These words are not automatically violative of due process; we must review the evidence in the record.

Before voir dire began, appellant moved to dismiss the array, arguing that the "drug impact" sign "automatically tells them that they should convict based on drugs." He requested no other relief. Appellant presented no evidence with his motion, which was overruled. He then developed the record during voir dire by asking the venirepersons "Does anybody not know what the word 'impact' means?" and "On the first row has anybody seen that word today?" A few venirepersons recalled seeing the sign, and defense counsel elicited responses concerning the impact of drug use on society. None of the venirepersons related a bias in connection with the sign. Appellant developed no other evidence of prejudice. We fail to see, from a totality of the circumstances, how the procedures employed in the case at bar involved prejudice

or even the probability of prejudice that they can be deemed inherently lacking in due process. *See Taylor v. State*, 420 S.W.2d 601 (Tex.Crim.App.1967), *overruled on other grounds*, 548 S.W.2d 685 (Tex. Crim.App.1977). While we decline to rule that the sign was not prejudicial as a matter of law, there is simply nothing in the record to suggest any violation of appellant's right to an impartial jury and to the presumption of innocence as guaranteed by U.S. CONST. amends. VI, XIV and TEX. CONST. art. I, § 19. Appellant argues the sign was a "hidden persuader"; it was incumbent upon appellant to reveal the unconstitutional persuasion or "directive to convict" thus employed in order to show that he was entitled to the relief requested and denied by the trial court. Points of error one and two are overruled.

■ Point of error three avers: "Appellant is entitled to reversal of his conviction because the affirmative link necessary to prove appellant's possession of the athletic bag and its contents, which included the contraband on which his conviction is based, was not proven beyond a reasonable doubt." Appellant acknowledges that the standard of review of sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellant then challenges the evidence of an "affirmative link" between appellant and the cocaine-laden gym bag, citing *Foster v. State*, 814 S.W.2d 874 (Tex.App.—Beaumont 1991, pet. ref'd) and *Whitworth v. State*, 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd). *Foster* and *Whitworth* are circumstantial evidence cases decided pursuant to *Humason v. State*, 728 S.W.2d 363 (Tex. Crim.App.1987). *Humason* is nothing more than the application of the "alternate reasonable hypothesis" construct to cases where possession of contraband is proven by circumstantial evidence. The "alternate reasonable hypothesis" construct is inapplicable to cases tried after November 6, 1991. *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991). Since this case was tried on June 29, 1992, *Humason* and its progeny are inapplicable. Although appellant's point of error states the necessary affirmative link was not proven beyond a reasonable doubt, for all cases tried after November 6, 1991, the state need not eliminate every reasonable hypothesis other than guilt to circumstantially prove the *mens rea* of the offense. The sole standard by which we review the evidence is that stated in *Jackson v. Virginia*.

Although appellant's point of error is based upon an obsolete rule of law, we will consider whether any rational trier of fact could have found appellant intentionally or knowingly possessed the contraband beyond a reasonable doubt, specifically whether the state established the *mens rea* of the offense. Officer Roger Ross testified that when he entered the room, appellant was standing at the foot of the bed. Appellant was stuffing some articles into a gym bag on the bed. Appellant stepped away from the bag and approached the door. The officer walked over to the open bag and appellant sat on the corner of the bed. The officer testified that appellant was packing the bag and said "he wanted to get his things and go." The bag contained men's clothing and toilet articles and a letter from the Texas Department of Public Safety addressed to appellant. It also contained 56 rocks of what the testifying chemist identified as cocaine. Viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found appellant guilty beyond a reasonable doubt of intentionally or knowingly possessing a controlled substance. Point of error three is overruled.

Point of error four urges the following:
Under the Texas Constitution, the "strict delegation of constitutional powers" doctrine precludes creation of a separate felony trial court drawing its docket through transfers from two separate district courts, without enabling organic legislation. Therefore, because the Jefferson County drug impact court is just such a separate court as described above, it is without jurisdiction in this matter, and its judgment convicting appellant is void.

Appellant's claim that his conviction is void for lack of jurisdiction is based upon a fallacy: that he was tried in a court other than the 252nd District Court. Appellant states "... Appellant was convicted by a retired judge who was assigned to the Drug Impact Court by the Presiding Judge of the Second Administrative Judicial District." The record reflects that the Honorable Marvin Blackburn was a visiting judge presiding over the 252nd District Court of Jefferson County, Texas. The 252nd District Court is a court created by the Legislature. TEX.GOV'T CODE ANN. § 24.429 (Vernon 1988).

 Visiting judges may preside over a District Court when the duly elected judge of that court is present and presiding over a different trial in a different courtroom. *Ex parte Holmes*, 754 S.W.2d 676 (Tex.Crim.App.1988). Two or more judges may try different cases in the same court at the same time, each occupying a different courtroom. *Id.* at 680; *Herrod v. State*, 650 S.W.2d 814 (Tex.Crim.App.1983); *Zamora v. State*, 508 S.W.2d 819 (Tex. Crim.App.1974); *Reed v. State*, 500 S.W.2d 137 (Tex.Crim.App.1973), *overruled on other grounds*, 522 S.W.2d 479 (Tex.Crim.App. 1975). Judges may also be authorized by assignment to preside over more than one court. *Zamora*, 508 S.W.2d at 823.

 Appellant did not challenge Judge Blackburn's assignment and thus waived any objection to his assignment. *Crawford v. State*, 509 S.W.2d 582 (Tex.Crim.App. 1974); *Franklin v. State*, 742 S.W.2d 66 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). Only the constitutional challenge to the jurisdiction of the trial court is now before us.

So-called "impact courts" and "annex courts" have survived constitutional challenge. *Hunnicutt v. State*, 523 S.W.2d 244 (Tex.Crim.App.1975); *Zamora*, 508 S.W.2d at 819; *Griffin v. State*, 749 S.W.2d 497 (Tex.App.—Fort Worth 1987, pet. ref'd) (opinion on appellant's motion for rehearing); *Armstrong v. State*, 719 S.W.2d 668 (Tex.App.—Fort Worth 1986, no pet.); *Banks v. State*, 662 S.W.2d 616 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd).

 We find that Judge Blackburn was presiding in the 252nd District Court, a legislatively created court. The rationale employed in *Armstrong, supra* 719 S.W.2d at 669, is equally applicable, and we adapt its language: The name "impact court" is nothing more than a term of convenience. Appellant produced no evidence to prove that the "impact court" is a separate district court. To the contrary, the "impact court" is simply an extension of the district courts of Jefferson County, here the 252nd District Court. The memorandum contained in the supplemental transcript, which describes the grant used to fund operation of the "impact court", does not create or establish a court separate and apart from the legislatively created district court. The "impact court" is not a separate court, but is a constitutionally permissible extension of the criminal district courts of Jefferson County.

Appellant's argument, that a "constitutional doctrine of 'strict delegation of constitutional powers' is the essential reason the Drug Impact Court is without jurisdiction" fails if for no other reason than there has been no delegation from the 252nd District Court. We hold that appellant was tried in a court of competent jurisdiction. Point of error four is overruled.

Point of error six contends:

Appellant's conviction is void because the cumulative effect of establishing the conviction court as a permanent court always presided over by a visiting district judge assigned for each case combined with the creation of said court under the aegis of the executive branch of government, violates the constitutionally mandated separation of powers found in Article II, § 1 of the Texas Constitution.

Point of error six shares the fatal fallacy of point of error four: the "impact court" is not an established court separate and apart from the 252nd District Court. The lengthy discussion of policy arguments against "impact courts" would be better addressed to the Legislature than to the courts. We hold that the "drug impact court" is a constitutionally permissible extension of the criminal district courts of Jefferson County. Appellant was convicted in the 252nd District Court, a court of

competent jurisdiction. TEX.GOV'T CODE ANN. § 24.429 (Vernon 1988). The conviction is not void. Point of error six is overruled.

Point of error five states:

The cumulative effect of admitting the fruits of a search of an athletic bag found near appellant, a houseguest,—accomplished without a warrant, without proof beyond a reasonable doubt of valid entry, and not incident to an arrest, where there were no other exigent circumstances preventing the bag from being secured until a warrant could be obtained—is so egregious as to entitle appellant to reversal of his conviction under Article I, §§ 9 and 19 of the Texas Constitution.

■ The fruits of the search were admitted without objection, so error based upon admission of that evidence was waived. TEX.R.CRIM.EVID. 103(a)(1); TEX.R.APP.P. 52. Even constitutional errors may be waived by failure to object at trial. *Briggs v. State,* 789 S.W.2d 918 (Tex.Crim.App.1990). Point of error five is overruled. The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

I wish to add a short concurrence to the Court's opinion and stress only a few cogent, pertinent points.

I concur that the terminology "drug impact" is no more prejudicial than the words *"criminal* district court". The record simply fails to reflect that the name of the court violates the appellant's right to an *impartial jury.* Neither does the name of the court standing alone demonstrate that the appellant's presumption of innocence has been violated or diminished to any degree.

Appellant contends also that his conviction should be reversed because the evidence is lacking in that no affirmative link was proved beyond a reasonable doubt. Appellant argues that no affirmative link is properly proved to meet the prosecution's burden of proof that the appellant had the custody, control and management and possession of the athletic bag in question which contained contraband.

By citing *Foster v. State,* 814 S.W.2d 874 (Tex.App.—Beaumont 1991, pet. ref'd) and *Whitworth v. State,* 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd), appellant places major reliance on *Humason v. State,* 728 S.W.2d 363 (Tex.Crim.App.1987). In *Humason,* possession of contraband was demonstrated by circumstantial evidence. Appellant is correct to state that the prosecution is obliged to prove that the appellant exercised care, control and management over the substance involved and that he knew that the substance was contraband.

Of course, the prosecution must provide proof that the appellant intentionally and knowingly exercised custody, control and management to satisfy the *mens rea* requirement. And in *Humason,* the appellant is correct that the court wrote that for cases involving circumstantial evidence there was an additional principle of appellate review which was applicable. The additional principle or concept was that a conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. This concept implicated an analytical construct standard. *See Moore v. State,* 640 S.W.2d 300 (Tex.Crim.App. 1982). It follows, of course, that if the evidence merely amounts to a strong suspicion or a mere probability then the burden of proof has not been met by the prosecution. But the ultimate standard is laid down in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991), the Court of Criminal Appeals found that the analytical construct was no longer valid in view of that court's earlier decision to abrogate the circumstantial evidence instruction or charge, citing *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1983) (Opinion on Rehearing). *Geesa* reads at 155:

[A]nd (2) that a definitional instruction on "reasonable doubt" is required in light of our decision to abandon the analytical construct.

This rule applies to cases tried after November 6, 1991. June 29, 1992, is the trial date of this case. The majority correctly views and considers the analytical construct in *Humason, supra,* to be obsolete. A landmark, current case is *Criner v. State,* No. 1212–91, 1992 WL 366939 (Tex. Crim.App. December 16, 1992).

In *Geesa, Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), was cited with approval. *Holland* was a tax evasion case involving the net worth method of proof. In *Holland,* the federal Supreme Court held that where the trial court had charged the jury on the elements of the offense, the presumption of innocence, the prosecution's burden of proof beyond a reasonable doubt which encompassed a full definition of reasonable doubt, the length and the nature of the net worth method of proof and the character of circumstantial evidence in general; it was then not necessary for the trial court to add to the charge that because the proof was circumstantial, the government must exclude every other reasonable hypothesis other than the guilt of the defendant.

An accurate, relevant quote from *Holland* reads:

*The Charge to the Jury.*

Petitioners press upon us, finally, the contention that the instructions of the trial court were so erroneous and misleading as to constitute grounds for reversal. We have carefully reviewed the instructions and cannot agree. But some require comment. The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions, *Garst v. United States* (CA 4th Va) 180 F 339, 343; *Anderson v. United States* (CA 5th Tex) 30 F2d 485–487; *Stutz v. United States* (CA 5th Fla) 47 F2d 1029, 1030; *Hanson v. United States* (CA 6th Ohio) 208 F2d 914, 916, but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect,

*United States v. Austin–Bagley Corp.* (CA2d NY) 31 F2d 229, 234, cert den 279 US 863, 73 L ed 1002, 49 S Ct 479; *United States v. Becker* (CA2d NY) 62 F2d 1007, 1010; 1 Wigmore, Evidence (3d ed) §§ 25, 26.

Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

In *Geesa,* the Court reasoned that their opinion properly found that there is but one standard of proof for criminal convictions and where the jury is properly instructed on that standard of proof, then a charge on circumstantial evidence is valueless and invites confusion. The constitutional, correct burden of proof in criminal cases is: "that the State establish all elements of the offense beyond a reasonable doubt". *See Crocker v. State,* 573 S.W.2d 190 (Tex. Crim.App.1978) (Opinion on Rehearing).

The Court's opinion is outstanding in its logic in overruling points of error four and five. "Annex courts", "impact courts" and "drug impact courts" are constitutional. These courts are valid. These types of courts were established properly and not in violation of the Constitution or the laws of the State of Texas. *Zamora v. State,* 508 S.W.2d 819 (Tex.Crim.App.1974); *Reed v. State,* 500 S.W.2d 137 (Tex.Crim.App.1973), *overruled on other grounds* 522 S.W.2d 479 (Tex.Crim.App.1974); *Peach v. State,* 498 S.W.2d 192 (Tex.Crim.App.1973).