**Guadalupe Jimenez SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–94–00159–CR.

Court of Appeals of Texas, El Paso.

July 3, 1996.

Gonzalo Garcia, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## *OPINION*

PER CURIAM.

Guadalupe Sanchez and her husband, Victor Sanchez, were each convicted by a jury of possession of cocaine, under twenty-eight grams. Ms. Sanchez was sentenced to five years probation. Among other motions, defendants filed sworn motions to recuse the judge presiding over their trials. The trial judge referred the motions to the administrative judge of the Sixth Judicial Region, who denied them without hearing. The Sanchezes challenge this summary denial of their recusal motions without hearing. We abate for evidentiary hearing.

### *The Recusal Motion*

Sanchez filed a motion to recuse the Honorable Jerry Woodard,[1] based upon alleged violations of due process, TEX.R.CIV.P. 18a and 18b(2), and TEX.CODE JUD. CONDUCT, CANONS 1, 2, and 3. Her verified motion states that the Impact Court, in which her case was heard, derived its funding based upon conviction rates in those cases presented to it by the El Paso County Metro Narcotics Task Force. Specifically, she alleged:

> [T]he continued funding of the Impact Court is based upon, the *successful* conviction of narcotics cases referred to it by the said Task Force. The same holds true for the El Paso County Metro Narcotics Task Force (formerly the West Texas Multi–County Narcotics Task Force) which is charged with investigating and presenting narcotics cases *exclusively* to the West Texas 34th Impact Court No. 1. Based upon the foregoing, it is apparent that the Court has as much interest in the successful prosecution and conviction of the said narcotics cases as does the Metro Unit presenting such cases. Under these circumstances, defendant cannot reasonably expect to be afforded or receive a fair trial before a neutral, detached, fair and impartial tribunal, as is his [sic] right under the United States and Texas Constitutions.

> .    .    .    .    .

> Here, the Judge of this court is an 'assigned' Judge. For the said judge to be paid for services rendered and duties performed via the said assignment there has to be a court in existence to enable the said judge to perform his duties and obligations pursuant to such assignment. That is to say, if there is no court then there is no assignment, hence no salary, payment or compensation to the said judge. In fact, it is of no consequence where the compensation, payment or salary is derived because if there is no court to allow a judge to perform this 'assignment' then there is no such compensation and therefore no 'judicial' interest in protecting the existence and continued viability of such (funded) court.

> Defendant would show that the Impact Court is a creature of, and solely supported by, grant monies. Further, the presiding judge of said Impact Court has no other function or assignments than presiding over the cases submitted for prosecution exclusively by the Metro–Narcotics Task Force. In other words, this court sustains its existence by relying upon the continued submission (and successful prosecution) of all cases from the Metro Narcotics Task Force. Without these cases being channeled by said Task Force, there would be no court over which Honorable Jerry Woodard would be assigned or preside. Without the Impact Court, the presiding judge has no other assignment or docket or job. Hence, the interest, bias and prejudice of the presiding judge of the Impact Court becomes glaringly obvious as being self-serving as well as self-sustaining.

The motion specifically requested an evidentiary hearing before another judge, assigned to determine the merits of the defendant's motion. It is uncontroverted that no hearing was ever held. On appeal, Sanchez complains that an evidentiary hearing was mandatory under TEX.R.CIV.P. 18a once the recu-

---

1. Retired Judge, appointed by the administrative judge of the Sixth Judicial Region to preside over all proceedings in the West Texas Impact Court Number 1.

sal motion was referred to the administrative judge. We agree.

### *Waiver*

The state first responds to Guadalupe Sanchez's complaint by urging that she waived her right to a recusal hearing in two ways: First, she did not join in her husband's objection to the lack of an evidentiary hearing on the recusal motion; second, she allowed Judge Woodard to act upon her motion for substitution of counsel before recusal was considered. Upon examination, we reject both waiver arguments.

■ We note as a threshold matter that TEX.R.CIV.P. 18a applies to recusal matters in criminal cases absent a legislative declaration to the contrary. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App.1993). Rule 18a and the case law interpreting it apply here. We find no authority, in the rule or the case law, which requires a party to object to the lack of an evidentiary hearing on a recusal motion once procedures under the rule are triggered. The language of Rule 18a is mandatory:

> The presiding judge of the administrative judicial district *shall* immediately set a hearing before himself or some other judge designated by him, *shall* cause notice of such hearing to be given to all parties or their counsel, and *shall* make such other orders including orders on interim or ancillary relief in the pending cause as justice may require. TEX.R.CIV.P. 18a(d) [emphasis added].

If a recusal motion is timely filed and facially sufficient, a hearing must be held. Here, the motions of both defendants were filed on March 3, 1994. Pretrial motions were considered on March 14 and 15, 1994 and trial began on May 17, 1994. The trial judge acknowledged that the motions were timely filed. The only other exception to the requirement that a hearing be held is where the motion is clearly one that should not invoke the procedures of Rule 18a. *See Texaco Inc. v. Pennzoil, Co.*, 729 S.W.2d 768 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988) (not error to refuse hearing on motion to disqualify a

retired judge's certification to sit as a judge at all, which may only be challenged in a quo warranto proceeding). We hold that is not the situation here, as Guadalupe Sanchez's motion to recuse set out with particularity her assertions as to why the judge before whom the case was pending could not perform as a neutral, unbiased judge. The state has pointed us to no cases which require an objection to the lack of a mandatory hearing.

■ Moreover, we do not agree that the record reflects a failure by Guadalupe Sanchez's counsel to join in Victor Sanchez's objection to the lack of evidentiary hearing. Both counsel argued they were entitled to an evidentiary hearing on the recusal before any other portion of the case was heard by the court. The following colloquy took place regarding the motion to recuse:

**Victor Sanchez's counsel:** The Motion to Recuse asks for a number of things, including but not limited to an evidentiary hearing. Without having had the benefit of reading the order, I would like to inquire of the Court, are we to assume that the evidentiary hearing has likewise been denied?

**The court:** Yes, sir....

**Victor Sanchez's counsel:** Your honor, no disrespect to the Court, but we would formally request that the matter pending before the Court, specifically the 28.01 motion hearing and everything else that comes subsequent to that, be delayed to allow counsel on behalf of Victor Sanchez to take this matter up to the Court of Appeals for further consideration of that court.

**The court:** Overruled, sir.

**Guadalupe Sanchez's counsel:** .... And I feel that at this point in time that since we do have a pending Motion to Recuse that the Court cannot consider any other matters pertaining to this case pending any resolution of that Motion to Recuse. And we would also—well, and in that sense we're requesting that as part of the remedy is that we have an opportunity to present the matter for Writ of Mandamus *to order this Court to have an evidentiary hearing prior to it having any oth-*

*er—anything else to do with any other matters before this Court concerning these two cases....* Now, we would ask the Court to go ahead and grant us a continuance pending an outcome or result of the Writ of Mandamus that we anticipate to file. [Emphasis added].

Contrary to the state's position, even if an objection was required to preserve complaint on the evidentiary hearing, we believe that Guadalupe Sanchez clearly joined in such objection. That waiver argument is without merit.

■ We likewise reject the state's second waiver argument. The state argues that because the challenged impact court judge signed an order granting a substitution of counsel, this constituted a "hearing" within the meaning of Rule 18a, and therefore the motion to recuse came too late. The rule provides:

> At least ten days before the date set for trial or other hearing in any court ... any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. Tex.R.Civ.P. 18a(a).

The cases interpret this requirement as ten days before trial on the merits or a substantive hearing of some sort. *State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 480 (Tex. Crim.App.1985) (recusal filed less than ten days before new trial following mistrial, and recusal order entered after trial completed except formal sentencing, not timely); *Arnold v. State,* 778 S.W.2d 172, 180 (Tex. App.—Austin 1989), *aff'd,* 853 S.W.2d 543 (Tex.Crim.App.1993) (motions to recuse filed on July 30 not timely where trial set for August 3, docket call with hearing on continuance on July 28, and pretrial hearing on July 31). The substitution of counsel signed by the trial judge here, in contrast, was upon agreed motion by both old and new counsel, with consent of Guadalupe Sanchez (the withdrawing counsel remaining counsel for Victor Sanchez throughout these proceedings). The

substitution required no hearing, evidence, argument, or discretionary act by the trial court. *See* Tex.R.Civ.P. 10. We do not think it rises to the level of a "trial or other hearing" as contemplated by Rule 18a. We decline to hold that the exercise of a codefendant's right to retain separate counsel waives the right to hearing on an otherwise timely motion to recuse. We therefore turn to the merits of what occurred here on recusal.

### Recusal a Proper Method to Challenge Bias

The state urges two arguments as to why an evidentiary hearing was not required here: First, that appellant is attacking the funding and existence of the Impact Court itself, and recusal is not an appropriate vehicle for challenging institutional bias; and second, that the recusal motions could be properly determined as a matter of law, and therefore an evidentiary hearing was not required. We disagree with both assertions.

■ First, we do not read this recusal motion as directed solely against the institution of the Impact Court, rather than against Judge Woodard individually. The motion asserts that Judge Woodard has a special interest in insuring that this Impact Court continues to receive grant funds, and therefore a special interest in insuring that defendants are convicted in the Impact Court. The motion states that Judge Woodard is assigned solely to the Impact Court, that he derives his income solely from that assignment, and that if the Impact Court were discontinued, he would have no remaining docket, assignment, or job. These are allegations urging reasons why *this judge* should not sit, not simply allegations that the Impact Court is unconstitutional. Although the motion does contain a due process challenge, that does not make it an inappropriate means for challenging the individual judge with individual concerns who is assigned to that court.[2]

---

2. Like Schrodinger's cat, we view the motions as being two things at once: a challenge to the Impact Court's method of funding, and a challenge to the neutrality of a trial judge who relies upon that method of funding for his supper. Unlike that paradoxical cat, however, we do not

view those two challenges as mutually exclusive (a condition perfectly possible in quantum physics, but not in Texas criminal law). We conclude that if defendant's allegations are true, and the trial judge is dependent for his income on the number of *convictions* obtained in his court

Further, we note that the recusal motion alleges the Impact Court is funded based upon the rate of convictions it obtains. If this is true, it raises very serious questions about the neutrality and impartiality of *any* judge assigned to preside over such a court, and deriving income from such assignment. We find no authority that suggests a funding scheme favoring convictions which would affect all judges assigned to that court would not be the proper subject of a recusal motion.

■ Moreover, we do not see that *Vargas v. State,* 883 S.W.2d 256, 259 (Tex.App.—Corpus Christi 1994, pet. ref'd), relied upon by the state, impacts our analysis. There, a motion entitled "Motion to Disqualify the Judge Sitting in the Hidalgo County Drug Court from Hearing Matters Objecting to Jurisdiction of the Drug Court," was directed against any judge presiding over the Hidalgo County Drug Court, alleging that any judge of the drug court had an interest in the outcome of a jurisdictional challenge, as that judge would necessarily lose income by ruling the court lacked jurisdiction. Although assuming (without deciding) that the motion stated proper grounds for recusal, the Corpus Christi court determined that the motion was not verified, that on its face it did not meet the minimum requirements of Rule 18a, and that it therefore never triggered the rule's mandatory referral and hearing provisions. Thus, it was properly overruled by the visiting judge being challenged. *Id.* A trial judge may properly make the initial determination whether a recusal motion is in compliance with the rule. *Id. Vargas* is of little value in determining the issues presented here.

Finally, we are not persuaded that these motions may be summarily decided as a matter of law without the taking of evidence. As the state suggests, it is true that impact courts have withstood constitutional challenges. A review of these cases, however, does not reveal that the particular issue here has been settled: that is, no court has held that an impact court with a single judge

sitting by permanent assignment, and dependent upon a conviction rate for his income, is a neutral jurist untouched by any appearance of impropriety as a matter of law. Rather, these cases have simply held that impact courts are constitutionally permissible extensions of the district courts they serve. *See Hunnicutt v. State,* 523 S.W.2d 244, 245 (Tex. Crim.App.1975); *Zamora v. State,* 508 S.W.2d 819, 822 (Tex.Crim.App.1974); *Alexander v. State,* 903 S.W.2d 881, 882–83 (Tex. App.—Fort Worth 1995, no pet.); *Rogers v. State,* 846 S.W.2d 883, 884–85 (Tex.App.—Beaumont 1993, no pet.); *Armstrong v. State,* 719 S.W.2d 668, 669 (Tex.App.—Fort Worth 1986, no pet.).

■ For these reasons, we are compelled to hold that the administrative judge of the Sixth Judicial Region erred in refusing to hold an evidentiary hearing on the allegations urged in Guadalupe Sanchez's motion to recuse. Point of Error Three is sustained.

### *Abatement*

■ Where an appellate court finds that the trial court erred in failing to have a hearing on a motion to recuse, the proper remedy is to abate the appeal and order the administrative judge of the judicial region to hear, or assign another judge to hear, the recusal motion. *Arnold,* 778 S.W.2d at 180; *Morris v. State,* 692 S.W.2d 109, 110 (Tex. App.—El Paso 1984, pet. ref'd). We therefore abate the appeal pending a recusal hearing. Upon completion of such hearing, we direct that the statement of facts and order of the assigned judge be forwarded to this court as a supplemental record in the appeal.

### *CONCLUSION*

The appeal is abated for conduct of a recusal hearing on or before September 13, 1996 in accordance with this opinion.

---

(rather than the number of cases disposed of or some other neutral criterion), this would indeed be a situation in which the judge's impartiality might reasonably be questioned, or in which it

could be shown that he has a personal bias concerning the subject matter. *See* Tex.R.Civ.P. 18b(2).