

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00215-CR

**IN RE STATE OF TEXAS**, ex. rel. Todd A. Durden, County Attorney

Original Mandamus Proceeding[1]

Opinion by:       Liza A. Rodriguez, Justice

Sitting:           Rebeca C. Martinez, Justice
                  Patricia O. Alvarez, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: August 7, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

In the underlying criminal cases, Todd A. Durden, County Attorney for Kinney County, Texas, filed a "Verified Motion Requesting Voluntary Recusal [of Judge James Tullis Shahan, II,] And Alternative Motions to Disqualify or Recuse" Judge Shahan. After Judge Shahan refused to voluntarily recuse himself, the motion to disqualify/recuse was assigned to Judge Spencer W. Brown. After Judge Brown denied the motion to recuse/disqualify, the State of Texas, acting by and through the County Attorney for Kinney County, Texas (hereinafter, "Durden"), filed a petition for writ of mandamus. Durden asserts Judge Brown abused his discretion by denying the motion to disqualify/recuse Judge Shahan and by dismissing the underlying criminal cases.

---

[1] This proceeding arises out of *The State of Texas v. Mark Anthony Gonzalez*; Cause No. 10041CR, and twenty-one other cases, pending in the County Court, Kinney County, Texas. The Honorable Spencer W. Brown signed the order at issue in this original proceeding.

Because we conclude Judge Brown erred by not conducting an evidentiary hearing on Durden's motion to disqualify/recuse, we conditionally grant the petition in part.

## BACKGROUND

The background to this dispute is based on a so-called "pay-to-plea" policy that allegedly required a criminal defendant to fully pay all court costs and fines before the defendant is allowed to enter a plea and begin serving community supervision. Durden contends this policy is maintained by Judge Shahan, Judge Shahan benefits from the policy, and the policy "requires involvement by [Judge Shahan] in the prosecution of cases in his Court." Durden alleges Judge Shahan considers himself and Durden to be "prosecutorial allies in the handling of the Criminal Cases in Kinney County, Texas." Durden contends that because he opposed the policy, Judge Shahan caused Durden's salary to be reduced by twenty percent in the county's 2017-2018 budget and fifteen percent in the county's 2018-2019 budget.

Based on the above contentions, Durden filed his motion to disqualify/recuse. Judge Brown conducted a hearing on the motion, after which he denied Durden's motion on "res judicata" grounds.[2] Durden filed his petition for writ of mandamus asserting his motion should have been granted and the trial court improperly dismissed several criminal cases as sanctions. Both parties asked this court to take judicial notice of certain documents.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "A trial court has no 'discretion' in determining what the

---

[2] Judge Brown's order states Judge Shahan's "verbal Jeopardy Motion is Granted." A review of the reporter's record reveals Judge Shahan argued Durden's motion should be denied based on "res judicata" grounds and not "double jeopardy."

law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

"An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A). However, mandamus review of an order denying a motion to recuse is available if the grounds for recusal are established as a matter of law. *See De Leon v. Aguilar*, 127 S.W.3d 1, 6-7 (Tex. Crim. App. 2004) (orig. proceeding) (holding general rule that party has adequate remedy by appeal from recusal order does not apply when respondent's bias is established as a matter of law). "An order granting or denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law." TEX. R. CIV. P. 18a(j)(2).

## DISQUALIFICATION/RECUSAL

The Texas Rules of Civil Procedure provide the procedures for the recusal or disqualification of a judge. *See* TEX. R. CIV. P. 18a, 18b. These procedures apply in criminal cases. *De Leon*, 127 S.W.3d at 5. Under Rule 18a, the motion to recuse or disqualify "must be heard as soon as practicable . . . ." TEX. R. CIV. P. 18a(g)(6)(A). "The judge whose recusal or disqualification is sought should not file a response to the motion." TEX. R. CIV. P. 18a(c)(2). "The language of Rule 18a is mandatory . . . ." *Sanchez v. State*, 926 S.W.2d 391, 394 (Tex. App.—El Paso 1996, pet. ref'd).

Here, Judge Shahan did not file a written response to Durden's motion, but at the beginning of the hearing—before Durden had the opportunity to put on his case—Judge Shahan stated he wanted to "address the Court on some pretrial motions." Judge Shahan argued the issue of his disqualification/recusal had already been decided; therefore, the doctrine of res judicata required dismissal of Durden's present motion. Durden argued that the facts underlying the past recusal

motion, which had been denied, were different from the facts underlying his present motion. When Durden asked to present evidence in support of his motion, Judge Brown refused and stated he was granting Judge Shahan's oral res judicata motion. Durden objected to not having the opportunity to present evidence or have a hearing on his motion.

We believe Judge Brown erred by not allowing Durden to put on evidence in support of his motion to disqualify/recuse. *See In re Lopez*, 286 S.W.3d 408, 412 (Tex. App.—Corpus Christi 2008, orig. proceeding) (holding respondent abused his discretion in disqualifying attorney without notice and an evidentiary hearing); *Sanchez*, 926 S.W.2d at 396 (trial court erred in refusing to hold evidentiary hearing on allegations urged in motion to recuse trial judge; appellate court "not persuaded that these motions may be summarily decided as a matter of law without the taking of evidence."). Judge Brown also erred by allowing Judge Shahan to present and argue an "oral motion" in response to Durden's motion. *See* TEX. R. CIV. P. 18a(c)(2) ("The judge whose recusal or disqualification is sought should not file a response to the motion.").

In his prayer for relief, Durden asks this court to consider evidence attached only to his petition for writ of mandamus, order Judge Brown to vacate his order denying his motion to disqualify/recuse, and enter an order granting the motion. However, because Judge Brown refused to hear any evidence, we may not consider evidence outside the trial court record. *See In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) ("We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding."). "In an original proceeding on petition for writ of mandamus, we must focus on the record that was before the trial court." *Id.* Therefore, we cannot determine the merits of Durden's motion to disqualify/recuse.

**DISMISSAL OF CRIMINAL CASES**

Durden also asserts the trial court lacked jurisdiction to dismiss the criminal cases as a sanction. Durden relies on the language in the order denying his motion wherein Judge Brown stated, "the verbal Jeopardy Motion is GRANTED." On July 17, 2019, this court issued opinions in several criminal appeals filed by Durden that raised the same complaints raised in this original proceeding. *See, e.g. State v. Mark Anthony Gonzalez*, 04-18-00764-CR, 2019 WL 3208822, at *1 (Tex. App.—San Antonio July 17, 2019, no pet. h.) (mem. op., not designated for publication). In addressing whether Judge Brown intended to dismiss the underlying criminal case, each opinion stated: "On June 26, 2019, Judge Brown signed a clarification order stating his prior order denied the motion to recuse Judge Tully Shahan but the underlying cause is still pending." *Id.* at *2. Based on Judge Brown's clarification order, there is no basis to support Durden's assertion that the trial court dismissed any underlying criminal case.

**CONCLUSION**

Judge Brown did not afford Durden an evidentiary hearing on his motion to disqualify/recuse; therefore, we conditionally grant the petition in part and direct Judge Brown to vacate his "Order on Motion to Recuse and Jeopardy Motion for Dismissal." The writ will issue only in the event we are notified that Judge Brown fails to comply within fifteen days from the date of this opinion. Because this court cannot consider any evidence not before the trial court, we deny Durden's request to direct Judge Brown to enter an order granting his motion to disqualify/recuse. Finally, because Judge Brown did not dismiss any underlying criminal case, we deny Durden any relief based on his contention that criminal cases were dismissed. We deny all requests to take judicial notice and all other requests for further relief by any party.

Liza A. Rodriguez, Justice

Publish