**Opinion issued August 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00748-CR

## NO. 01-13-00749-CR

———————————

**ROBERT EDWARD JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case Nos. 08-DCR-050620, 13-DCR-063667**

---

## MEMORANDUM OPINION

Appellant, Robert Edward Jackson, pleaded guilty to the offenses of aggravated assault and assault on a family or household member with prior

domestic-violence convictions ("the 2008 offenses").[1]  The trial court, in cause number 08-DCR-050620, deferred adjudication of guilt and placed appellant on community supervision for ten years.  In 2013, the State moved to adjudicate guilt, alleging six distinct violations of the terms and conditions of appellant's community supervision, including the commission of a new offense of assault on a family or household member ("the 2013 offense").  The State indicted appellant for the 2013 offense in cause number 13-DCR-063667.  The trial court heard both cause numbers in the same proceeding.[2]  For the 2008 offenses, the trial court found the allegations in the State's motion true, revoked appellant's community supervision, and assessed punishment at ten years' confinement.  For the 2013 offense, after appellant pleaded true to the allegations in an enhancement paragraph, the trial court assessed punishment at twenty-five years' confinement, to run concurrently with appellant's ten year sentence for the 2008 offenses.

In two issues on appeal, appellant contends (1) for the 2008 offenses, the State failed to present sufficient evidence that appellant violated the terms and conditions of his community supervision, and (2) for the 2013 offense, the State

---

[1]  *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon 2011) (aggravated assault); *id.* § 22.01(b)(2)(A) (Vernon Supp. 2013) (assault on family or household member when defendant has prior domestic-violence convictions).

[2]  The 2008 offenses, trial court cause number 08-DCR-050620, resulted in appellate cause number 01-13-00748-CR.  The 2013 offense, trial court cause number 13-DCR-063667, resulted in appellate cause number 01-13-00749-CR.

failed to prove the jurisdictional enhancement in the indictment that appellant had a prior conviction for assault on a family or household member.

We affirm.

## Background

In the 2008 offenses, the State indicted appellant in a two-count indictment for aggravated assault and assault on a family or household member, with prior convictions for assault on a family or household member. Appellant pleaded guilty on October 19, 2010, and the trial court deferred adjudication of guilt and placed him on ten years' community supervision. The terms of appellant's community supervision included the following conditions: (1) commit no offense against the laws of Texas or any other state; (2) pay a $60 monthly fee to the Fort Bend County Community Supervision and Corrections Department ("CSCD"); (3) submit to random drug and alcohol testing and pay the fee for the testing; (4) pay $379 in court costs by March 15, 2011; (5) successfully complete domestic violence counseling by June 1, 2011; and (6) complete 400 hours of community service restitution. On September 24, 2012, the trial court modified the community service provision to require appellant to report to the CSCD three days per week until he completed all required community service hours.

On July 18, 2013, the State moved to revoke appellant's community supervision. The State alleged that appellant had violated six specific conditions of

3

his community supervision. Specifically, the State alleged that appellant had committed the 2013 offense: appellant allegedly assaulted and unlawfully restrained Geneva Rivera, a person with whom he was in a dating relationship; appellant repeatedly failed to pay the $60 monthly fee to the CSCD; appellant repeatedly failed to pay the fees required for random urinalysis testing; appellant failed to pay court costs of $379 by March 15, 2011; appellant failed to complete domestic violence counseling by June 1, 2011; and appellant repeatedly failed to report three times per week to the CSCD to complete his required community service hours. The State also contemporaneously indicted appellant for the 2013 offense against Rivera. This indictment included a jurisdictional enhancement paragraph, which originally alleged that, before the 2013 offense, appellant was convicted of an assault involving family violence "in cause number 88323 in Fort Bend County, Texas."

Appellant waived a jury trial for the 2013 offense, and the trial court heard both the State's motion for revocation of appellant's community supervision and adjudication of guilt for the 2008 offenses and the trial on the merits for the 2013 offense in the same proceeding. Prior to trial, the State amended the indictment in the 2013 offense on agreement of the parties to change the cause number of the prior offense alleged in the jurisdictional enhancement paragraph from "88323" to

4

"8-DCR-50620," the cause number for the 2008 offenses. The State arraigned appellant on the amended indictment without objection from appellant.

At trial, Javier Vela testified that he was appellant's probation officer. Vela testified that appellant never signed up for, and did not complete, the required domestic violence counseling, despite being admonished on several occasions to do so. He also testified that appellant failed to report to the CSCD on several occasions to perform his required community service. Vela stated that appellant failed to pay the required supervisory and urinalysis fees, although he also acknowledged that appellant was only sporadically employed. He also stated that appellant failed to pay the required court costs.[3]

Geneva Rivera, the complainant in the 2013 offense, testified that she and appellant used to live together and that they had been in a dating relationship. On June 14, 2013, appellant drove by Rivera's residence in Richmond and told her to get in his car. When she told him "no," he grabbed her by the arm and forced her into the car. She testified that appellant told her that "if [she] didn't get in the car, he was going to bust [her] head wide open." Rivera believed that appellant would carry out his threat, so she got in the car despite not wanting to do so. Appellant

---

[3]     When recalled by appellant, Vela testified that appellant had completed slightly more than half of his required community service hours and that he made "nominal payments" of his required fees. Vela then stated that, after the trial court modified the terms of his community service requirement, appellant did not "comply with that directive."

5

did not punch or strike her, but she testified that it hurt when he grabbed her arm and pushed her into the car. He then drove her to his other car that he had parked nearby. Police later arrived at that location and arrested appellant.[4]

During closing argument, appellant's counsel stated that appellant "was not perfect on probation, but he did do a substantial amount while on probation." The trial court found that appellant violated the conditions related to non-payment of supervisory and urinalysis fees and the condition related to the domestic violence counseling requirement. The court found appellant guilty of the 2013 offense and then ruled that appellant also violated the conditions of his community supervision prohibiting him from committing any new offenses.

Ultimately, the trial court revoked appellant's community supervision for the 2008 offenses, assessed his punishment for the 2008 offenses at ten years' confinement, and, after appellant pleaded true to the allegations in an enhancement paragraph,[5] assessed his punishment for the 2013 offense at twenty-five years'

---

[4]     G.I., Rivera's twelve-year-old daughter, testified that she saw appellant drive up to their house, grab Rivera, and push her in his car. G.I. stated that this did not look like something Rivera wanted to do. She also heard appellant tell Rivera that "[i]f she tried to get out of the car, he was going to bust her head wide open."

[5]     The State filed a separate "Notice of Intent to Enhance Punishment Pursuant to § 12.42 of the Texas Penal Code" and notified appellant that, during the punishment phase, it would seek to enhance his punishment by presenting evidence of a 1993 conviction for delivery of a controlled substance and a 2004 conviction for felony assault involving family violence. Appellant pleaded true to both of these enhancements.

6

confinement, to run concurrently with his sentence for the 2008 offenses. Appellant appealed the trial court's judgment for both trial court cause numbers.

**Revocation of Community Supervision**

In his first issue, appellant contends that the trial court erred in revoking his community supervision for the 2008 offenses because the State failed to prove by a preponderance of the evidence that he had violated the terms and conditions of his community supervision.

### A. Standard of Review

At a hearing to revoke a defendant's community supervision, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo*, 517 S.W.2d at 298); *Silber*, 371 S.W.3d at 611. Our appellate review of an order revoking a defendant's community supervision is limited to determining whether the trial court abused its discretion in ruling that the defendant violated the terms of

7

his community supervision. *Rickels*, 202 S.W.3d at 763 (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We examine the evidence in the light most favorable to the trial court's order. *Duncan*, 321 S.W.3d at 57; *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

A finding of a single violation of the terms and conditions of community supervision is sufficient to support revocation. *Silber*, 371 S.W.3d at 611; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."). Thus, to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order. *Silber*, 371 S.W.3d at 611; *Joseph*, 3 S.W.3d at 640 (citing *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *see also Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996, pet. dism'd) (per curiam) (holding that because appellant did not challenge second ground for revocation, sufficient evidence supported revocation order).

### B. *Failure to Complete Domestic Violence Counseling*

One of the terms and conditions of appellant's community supervision provided, "Defendant must successfully complete domestic violence counseling as directed by CSCD by June 1, 2011." In its motion to revoke, the State alleged that appellant failed to comply with this requirement. At the hearing on the State's motion to revoke, Javier Vela, appellant's probation officer, testified that appellant did not complete domestic violence counseling, despite being admonished on "more than one occasion" to do so. To Vela's knowledge, appellant never signed up for domestic violence counseling. Appellant's counsel did not controvert this testimony on cross-examination of Vela or when he recalled Vela later in the hearing. In its judgment adjudicating guilt, the trial court found that appellant had violated this condition of his community supervision, plus five other conditions.

On appeal, appellant challenges the trial court's findings that he violated the other five conditions of his community supervision. He does not, however, challenge the finding that he failed to complete domestic violence counseling by June 1, 2011. The failure to challenge this finding is sufficient, by itself, to support the revocation of appellant's community supervision. *See Silber*, 371 S.W.3d at 611; *Joseph*, 3 S.W.3d at 640; *Baxter*, 936 S.W.2d at 472. Moreover, the State presented uncontroverted evidence at the hearing on its motion to revoke that appellant had neither signed up for nor completed domestic violence counseling at

any point, let alone by June 1, 2011. We conclude that the State proved by a preponderance of the evidence that appellant violated the condition of his community supervision requiring him to complete domestic violence counseling. *See Rickels*, 202 S.W.3d at 763–64; *Silber*, 371 S.W.3d at 611. We therefore hold that the trial court did not abuse its discretion in finding that appellant violated at least one condition of his community supervision. *See Rickels*, 202 S.W.3d at 763; *Silber*, 371 S.W.3d at 611; *see also Moore*, 605 S.W.2d at 926 (holding that one sufficient ground will support revocation order).

We overrule appellant's first issue.

### Sufficiency of Evidence to Support Conviction for 2013 Offense

In his second issue, appellant contends that the State failed to present sufficient evidence to support his conviction of the 2013 offense because the State failed to prove the jurisdictional enhancement of the prior conviction for assault on a family or household member that was alleged in the indictment, cause number 88323. The State argues that, prior to trial, the State amended the jurisdictional enhancement in the indictment by agreement of the parties to allege cause number 8-DCR-50620, the 2008 offenses, instead. The State argues that it presented sufficient evidence of this prior conviction.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact

10

finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). It is the duty of the fact finder to resolve conflicts in the evidence, weigh the evidence, and draw reasonable inferences from the evidence. *See Young v. State*, 283 S.W.3d 854, 861 (Tex. Crim. App. 2009) (quoting *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789). We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all of the evidence, both direct and circumstantial. *Id.*

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd) (stating that when proof of prior conviction is jurisdictional element of charged offense, State must prove fact of prior conviction, including identity of accused, beyond a reasonable doubt). "No specific document or mode of proof is required to prove" the prior conviction. *Flowers*, 220 S.W.3d at 921; *Rios v. State*, 230 S.W.3d 252, 256 (Tex. App.—Waco 2007, pet. ref'd)

11

("Texas courts have identified several non-exclusive methods by which to prove a prior conviction.").

The Code of Criminal Procedure allows the State to amend an indictment against a defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006). One of the ways in which the State may amend an indictment is by physical interlineation of the original indictment. *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000). The State may also permissibly amend an indictment by offering, for the trial court's approval, an amended version of a photocopy of the original indictment. *Id.* If the trial court approves the amendment, "the amended photocopy of the original indictment need only be incorporated into the record under the direction of the court, pursuant to Article 28.11, with the knowledge and affirmative assent of the defense." *Id.* at 565–66; *see* TEX. CODE CRIM. PROC. ANN. art. 28.11 (Vernon 2006) ("All amendments of an indictment or information shall be made with the leave of the court and under its direction."). The amended indictment then becomes the "official" indictment in the case. *Riney*, 28 S.W.3d at 566.

Here, the original indictment alleged, as a jurisdictional enhancement, that appellant had a prior conviction for assault on a family or household member in cause number 88323 in Fort Bend County. Prior to trial, the parties agreed to amend the indictment to change the cause number referenced in the jurisdictional

enhancement from 88323 to 8-DCR-50620, the cause number of the 2008 offenses.[6] The record contains an amended version of a photocopy of the original indictment, with "88323" crossed out and "8-DCR-50620" handwritten as the cause number for the jurisdictional enhancement. The trial court arraigned appellant in open court under the amended indictment. Appellant did not object, and the record does not contain a motion to quash the amended indictment. We therefore conclude that the State properly amended the indictment in this case. *See id.* at 565–66.

The trial court had ample evidence before it linking appellant to the conviction in cause number 8-DCR-50620, the 2008 offenses. The trial court took judicial notice of the case file for that cause number at the start of the hearing, and it admitted, without objection from appellant, the original judgment in that cause number accepting appellant's guilty plea and deferring adjudication of guilt. After hearing evidence on the State's motion to revoke appellant's community supervision in cause number 8-DCR-50620, evidence that was also relevant to the 2013 offense, the trial court revoked appellant's community supervision,

---

[6] Appellant argues only that the State failed to present sufficient evidence of a prior conviction for cause number 88323, the jurisdictional enhancement alleged in the original indictment. Appellant does not challenge the propriety of using cause number 50620 as a jurisdictional enhancement, nor did he object on such grounds before the trial court. We therefore do not express an opinion on whether the use of that conviction as a jurisdictional enhancement is permissible, as that issue is not before us.

adjudicated him guilty of the 2008 offenses, and then found him guilty of the 2013 offense.

We hold that, when viewing the evidence in the light most favorable to the verdict, a reasonable fact finder could have found beyond a reasonable doubt that a prior conviction in cause number 8-DCR-50620 existed and that appellant was linked to that conviction. *See Flowers*, 220 S.W.3d at 920, 923, 925.

We overrule appellant's second issue.

## Conclusion

We affirm the judgments of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).