**William Stuart BAXTER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–550–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1996.

H.F. Rick Hagen, Denton, for Relator.

Bruce Isaacks, Criminal District Attorney, Kathleen A. Walsh, Paul Stafford, Assistant District Attorneys, Robert Huttash, State Prosecuting Attorney, Denton, for Real Party.

Before H. BRYAN POFF, Jr. (Sitting by Assignment), LIVINGSTON and DAUPHINOT, JJ.

## OPINION

PER CURIAM.

Appellant William Stuart Baxter pursuant to a plea bargain agreement was found guilty of driving while intoxicated and sentenced to 240 days in the Denton County Jail and a fine of $750. The term of incarceration was suspended and appellant was placed on probation for 24 months. Subsequently, the State filed a motion to revoke his probation. At a hearing on the motion, the court determined that appellant had violated his probation and appellant's probation was revoked and appellant was sentenced to 120 days' confinement in the Denton County Jail. Appellant brought an appeal, and in his first two points of error he contends that the court erred in failing to hold a separate punishment hearing in his case. In his third point of error, appellant contends the court's judgment was improperly drawn to reflect that he was found to have violated a condition of his probation that the court did not find he had violated. Finding no reversible error in points of error one and two, we overrule them. Finding that the court erred in drawing the judgment, we will reform the judgment and affirm the judgment as reformed.

In its motion to revoke probation the State alleged that appellant had violated the first condition of his probation by violating the laws of the State of Texas.[1] The State also alleged, in its motion to revoke probation, that appellant had failed to pay his probation fees as directed. At the hearing on the motion to revoke probation the State abandoned the allegation concerning a subsequent violation of the law and offered evidence on the allegation that appellant had failed to pay

his probation fees as directed. The appellant entered his plea of untrue and at the completion of the State's evidence he offered evidence concerning his failure to pay his probation fees. The appellant also testified that he had satisfied all of the other terms of probation. Appellant contended he had been a good probationer and his lapse in payment was not voluntary.

Both the State and the appellant's counsel were given an opportunity to present argument. The appellant's counsel argued that appellant's case "screams out in mitigation." He argued that appellant's probation should not be revoked. The State contended that it had proven appellant had violated his probation and the court should grant its motion to revoke. At the conclusion of argument by counsel, the court found that the State had abandoned its first allegation that the appellant had violated his probation by violating the laws of this state. The court, however, found that the fourth allegation, that appellant had failed to pay his probation fees as directed, had been proven to be true. The court then revoked appellant's probation. The court noted that the violation was a technical violation and he took into account the mitigating circumstances and announced he would be lenient and reduce appellant's sentence to 120 days in the Denton County Jail. A discussion was then had between appellant's counsel and the court regarding whether appellant would be allowed to report in 30 days to begin serving his sentence. Appellant, being dissatisfied with the sentence, filed a notice of appeal. He did not file a motion for new trial.

In his first point of error, appellant contends that the court erred in failing to allow appellant the opportunity to present evidence at a separate punishment hearing in violation of appellant's right to due process of law under article I, section 19 of the Texas Constitution. In point of error two, appellant presents the same point, but he alleges the failure to provide him a separate punishment hearing is a violation of article I, section 10 of the Texas Constitution. The appellant asserts that the facts and issues necessary to address both points are the same, and he

---

1. The appellant in his third point of error refers to this condition as "Rule 1."

therefore combines points of error one and two for purpose of argument. Appellant makes no claim that a distinction be made as to whether the state constitution affords him any greater right to a separate punishment hearing than does the due process clause of the United States Constitution.

 The State does not dispute the fact that the fundamental fairness principles contained in the Fourteenth Amendment to the United States Constitution and the due process principles contained in our own state constitution each apply to probation revocation hearings. *See Wright v. State*, 640 S.W.2d 265, 269 (Tex.Crim.App. [Panel Op.] 1982). The State contends, however, that these rights must be claimed by appellant, and that an appellant must comply with the appropriate rules of appellate procedure to preserve error, for even error of constitutional proportion may be waived. *See Rogers v. State*, 640 S.W.2d 248, 265 (Tex.Crim.App. [Panel Op.] 1982) (op. on reh'g).

The State also agrees that a defendant is entitled to a punishment hearing after his probation has been revoked.[2] *See Borders v. State*, 846 S.W.2d 834, 835 (Tex.Crim.App. 1992); *Issa v. State*, 826 S.W.2d at 161. The State contends, however, that in appellant's case any error caused by the court's failure to grant a separate punishment hearing was not preserved.

 The contemporaneous objection rule applies to alleged violations of due process in probation revocation hearings. *Issa*, 826 S.W.2d at 161; *Rogers*, 640 S.W.2d at 265; *see* TEX. R. APP. P. 52(a). Appellant also concedes that he failed to object to the court's purported failure to afford him a separate punishment hearing, and that he did not make a request for a separate hearing. Appellant contends, however, that because the court imposed punishment immediately after revoking his probation, he was not af-

forded the opportunity to object. He thus reasons that he either did not fail to comply with the rule, or his failure to comply is excused due to the court's action. *See Borders*, 846 S.W.2d at 835; *Issa*, 826 S.W.2d at 161. In citing *Issa* and *Borders*, appellant acknowledges that while the holdings in these cases excused a defendant's failure to object to the failure of the court to hold a separate punishment hearing, the cases also concluded that error was preserved due to the defendant raising the issue in a motion for new trial. *See also Gober*, 917 S.W.2d at 502 (the court held defendant's failure to object at trial and failure to raise issue of court's failure to hold separate punishment hearing in motion for new trial precluded appeal on this issue). Appellant argues, however, that the holdings in *Issa, Borders,* and *Gober* are now in question in light of *Watson. See Watson v. State*, 919 S.W.2d 845 (Tex.App.—Austin 1996, no pet. h.).

In *Watson*, the appellant, like the appellant in this case, contended that the court failed to give him a separate hearing on punishment after his probation was revoked. Watson also failed to object to this omission at trial and he also failed to raise the issue in a motion for new trial. The court concluded this was no impediment to Watson's right to appeal and it considered his point of error and reversed the case. The court stated, "Under the circumstances Watson's failure to object on either of the statutory grounds, even in absence of a motion for new trial, does not preclude our review of the error claimed." *Watson*, 919 S.W.2d at 846. As authority for not requiring Watson to raise the issue in a motion for new trial, the court cited TEX. R. APP. P. 30(a). It reasoned that "[a] motion for new trial is not required in criminal cases for the proper presentation of a point of error on appeal." *Watson*, 919 S.W.2d at 846 n. 2. This is true as a general

---

2. The State appears to be too generous in its acceptance of appellant's contention that a defendant is entitled to a separate punishment hearing in all cases. In *Duhart*, the court held that a defendant is entitled to offer appropriate evidence in mitigation of punishment after probation has been revoked, if such evidence has not already been elicited during the proceedings. *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim. App.1984); *see also Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992) (the court adopted this language); *Gober v. State*, 917 S.W.2d 501, 502 (Tex.App.—Austin 1996, no pet. h.) (the court found that when defendant had offered extensive evidence at hearing in support of request to be continued on probation, to require a separate hearing on punishment would have been to elevate form over substance).

rule but we find it to be too broad a reading of the rule. The second sentence of the rule specifically states that "[e]xcept to adduce facts of a matter not otherwise shown on the record, a motion for new trial is not a requisite to presenting a point of error on appeal." TEX. R. APP. P. 30(a). We believe appellant's complaint fits the exception, and required a motion for new trial to present error. Appellant is in fact complaining that he was not allowed to "adduce facts" concerning his punishment.

■ We hold that in a case such as appellant's, where the complaint is of a defendant's inability to offer evidence, a trial objection must be made, or a bill of exception perfected, or a motion for new trial made, for error to be preserved. We find this holding to be in harmony with the teachings of *Issa, Borders,* and *Gober.*[3] We believe *Watson* is an unwarranted extension of the holdings of *Issa* and *Borders.*

Neither *Issa* nor *Borders* holds that a motion for new trial is unnecessary to preserve error caused by a court's failure to grant a separate punishment hearing, for in both cases the defendants did file a motion for new trial in which they raised the issue of the failure to hold a separate punishment hearing. In both cases the Court of Criminal Appeals at some length discussed the fact that "raising the error for the first time in a motion for new trial was sufficient [to preserve error]." *Borders,* 846 S.W.2d at 834. If, as *Watson* presumes, a motion for new trial was not necessary to preserve the unobjected-to error, the court could have resolved the question without the necessity of discussing the effect of the filing of the motion for new trial. Unlike *Issa, Borders,* and *Gober, Watson* holds that an appellant may complain about the court's failure to grant him a separate hearing on punishment for the first time on appeal. We do not believe this is the law and we decline appellant's offer to follow *Watson.*[4]

We thus conclude that by failing to object at trial to the court's failure to hold a separate punishment hearing, and by failing to raise the complaint in a motion for new trial, the appellant has failed to preserve any error and has presented nothing for review. We therefore overrule points of error one and two.

■ In his third point of error, appellant contends that the court erred in signing the judgment, for the judgment did not truly reflect the findings and holdings of the court. Specifically, the appellant claims that the judgment is in error where it recites that he violated "Rule 1" (the first allegation in the motion to revoke). Appellant is correct, for the record reflects that the State abandoned its allegation that the appellant violated the laws of the State of Texas and presented no evidence on this point. At the close of the evidence, the court found that the allegations regarding "Rule 1" were abandoned. The judgment should not have reflected that the appellant violated "Rule 1."

There was another ground for revocation set out in the judgment that also formed the basis for the revocation. The appellant does not challenge the sufficiency of the evidence supporting the other ground for revocation. There is therefore sufficient evidence to affirm the judgment of revocation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980) (holding that proof by a preponderance of evidence of any one of the alleged violations of probation conditions is sufficient to support the order of revocation).

---

3. At first glance, it appears the Austin Court is in disagreement concerning the necessity for a motion for new trial in cases such as appellant's. This is probably incorrect, however, for the same panel of justices decided *Gober* and *Watson.* Because *Watson* does not overrule *Gober,* we will assume it is the more narrow decision and it should be limited to its facts, or as noted, "Under the circumstances Watson's failure to object, ... even in absence of a motion for new trial, d[id] not preclude ... review." *Watson,* 919 S.W.2d at 846.

4. We believe it would be bad policy and a misuse of judicial resources to remand a case for a hearing on punishment when the matter could have been addressed in a motion for new trial. Whenever possible, all evidentiary matters should be resolved at trial. Allowing defendants to "lie behind the log" and raise evidentiary matters for the first time on appeal will lead to cases being tried "piecemeal" and will result in a waste of time at both the trial and appellate levels.

We agree with appellant, however, that the judgment should reflect the record of the proceedings.

█ We find the record and the evidence to be sufficient to allow us to determine how the judgment should read. When the court of appeals has the necessary data and evidence before it for reformation, an erroneous judgment may be reformed on appeal. *Bigley v. State,* 865 S.W.2d 26, 27 (Tex.Crim. App.1993); *Banks v. State,* 708 S.W.2d 460, 462 (Tex.Crim.App.1986); *see* TEX. R. APP. P. 80. The judgment therefore need not be reversed, but instead we will reform the judgment to delete the finding regarding "Rule 1." As reformed, the judgment will truly reflect the findings and holding of the court.

The first and second points of error having been overruled and the third point of error having been cured by the reformation of the judgment, the judgment is affirmed as reformed.