MEMORANDUM OPINION




No. 04-03-00703-CR



Jeffrey Willard MCFARLIN,


Appellant



v.



The STATE of Texas,


Appellee



From the 399th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CR-0148-W


Honorable Juanita Vasquez-Gardner, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: June 23, 2004


AFFIRMED

 On February 26, 2001, Jeffrey Willard McFarlin was found guilty of delivering cocaine and
was sentenced to eight years of community supervision. On May 14, 2003, McFarlin pled true to two
violations of the conditions of his community supervision. On August 22, 2003, the trial court
revoked his community supervision and sentenced him to eight years imprisonment. McFarlin brings
one issue on appeal. We affirm.

Discussion


 McFarlin contends that by not hearing evidence or argument after revoking his community
supervision, the trial court violated his due process rights under the Fourteenth Amendment.
According to McFarlin, because he was unable to present mitigating evidence, he was deprived of
the opportunity to convince the trial court to impose a lighter sentence. 

 At the August 22, 2003 hearing, the following exchange occurred:

 COURT: At that time you were assessed an eight year sentence. The State has - and
the eight- year sentence was suspended and probated for a period of eight years. The
State has filed a motion to revoke community supervision complaining that on or
about the 4th day of April 2002, in Bexar County, Texas, you committed the offense
of - hold on. My docket sheet indicates back on May 14th of 2003 that you already
pled true to both allegations. Is that correct, Mr. McFarlin?


 MCFARLIN: Yes, ma'am. 


 COURT: And you're aware that telling me these allegations are true is enough for me
to send you to prison for eight years?


 MCFARLIN: Yes, ma'am.


 COURT: Okay. I don't need to hear any argument. That's what I'm going to do. I'm
going to find that the violations are true, find that there's sufficient evidence to
support the State's motion, grant the motion and assess your term of confinement in
the Texas Department of Criminal Justice, Institutional Division for a period of eight
years. You'll be given credit on that case for all the time that you've been in jail on
that case as well. Good luck, Mr. McFarlin.


 At no time did McFarlin object to the trial court's failure to hear evidence or argument after
revoking his community supervision. As such, the State contends that McFarlin has waived this issue
on appeal. We agree. In a community supervision revocation hearing, where the defendant complains
on appeal of his inability to offer evidence, a trial objection, bill of exception, or motion for new trial
must have been made in order to preserve error for appeal. Cochran v. State, 78 S.W.3d 20, 26 (Tex.
App.--Tyler 2002, no pet.); Baxter v. State, 936 S.W.2d 469, 472 (Tex. App.--Fort Worth 1996),
pet. dism'd improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998). McFarlin failed to do
any of these. We, therefore, overrule his sole issue.

Conclusion 


 Having overruled McFarlin's sole issue, we affirm the judgment of the trial court. 


 Karen Angelini, Justice


Do not publish