Opinion Issued October 25, 2007









Opinion Issued October 25,
2007

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-01101-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ERIC JIMENEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1037860

 








 



MEMORANDUM OPINION

 

Appellant Eric Jimenez appeals the trial court’s judgment revoking his community
supervision.  In one issue, Jimenez contends the trial court
abused its discretion in admitting hearsay testimony at the hearing on the
State’s motion to revoke community supervision.  The State responds that the
trial court properly admitted the testimony, or alternatively, that the trial
court’s judgment should not be reversed because Jimenez failed to challenge the
evidence supporting all the grounds for revocation.  We conclude that Jimenez
has failed to demonstrate that the trial court abused its discretion in revoking
his probation.  We therefore affirm.  

Background

In March 2006, Jimenez pleaded guilty to the third-degree
felony offense of engaging in organized criminal activity.  See Tex. Pen. Code Ann. § 71.02(a)(1), (b)
(Vernon Supp. 2006).  The trial court assessed punishment at five years’
confinement, but suspended the sentence and placed Jimenez on community
supervision for five years.  The trial court also ordered Jimenez to pay $7,433
in restitution.  In September 2006, the State moved to revoke Jimenez’s
community supervision, alleging that Jimenez had (1) committed the offense of
possession of cocaine, (2) failed to perform community service at the rate
ordered by the trial court, (3) failed to pay supervision fees, (4) failed to
pay a fine and court costs, (5) failed to pay a laboratory processing fee, (6)
failed to pay an identification card fee, (7) failed to pay restitution, (8)
failed to pay a court-ordered amount to Crime Stoppers of Houston, and (9)
failed to pay an assessment.  Jimenez pleaded true to allegations (2) through
(9), but pleaded not true to allegation (1).  The trial court held a hearing
and found all the allegations in the State’s motion to be true.  The trial
court revoked Jimenez’s community supervision and assessed punishment at five
years’ confinement.  Jimenez now appeals.  

Standard of Review

A revocation proceeding is neither a criminal
nor a civil trial, but rather an administrative hearing.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993);
Canseco v. State,
199
S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); Greer v. State,
999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  At a
revocation hearing, the State must prove by a preponderance of the evidence
that the defendant has violated a condition of his community supervision.  Cobb, 851 S.W.2d at 873; Canseco, 199 S.W.3d at 438–39;
Greer,
999 S.W.2d at 486.  Proof of a single violation is sufficient to support a revocation. 
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Canseco, 199 S.W.3d at 439;
Greer,
999 S.W.2d at 486.  The trial court’s judgment should be affirmed
if the appellant does not challenge all of the grounds on which the trial court
revoked community supervision.  See Baxter v. State,
936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996), pet. dism'd
as improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998).   A plea of true, standing alone, is sufficient to support the
trial court’s judgment of revocation.  Moses,
590 S.W.2d at 470; Hays v. State, 933 S.W.2d 659, 661 (Tex. App.—San
Antonio 1996, no pet.).

Jimenez only challenges
the admission of an officer’s hearsay testimony that, among other evidence, supports
the State’s allegation that Jimenez possessed cocaine.  Jimenez pleaded true to
the other eight allegations asserted in the State’s motion for revocation and
he does not challenge these grounds on appeal.  See Moses,
590 S.W.2d at 470; Hays, 933 S.W.2d at 661.  The record
also contains sufficient evidence, outside the complained-of hearsay, to
support these eight grounds.  Because any single unchallenged ground will
support revocation, we hold that Jimenez has failed to show that the trial
court abused its discretion in revoking his community supervision.  See Moses,
590 S.W.2d at 470; Canseco,
199
S.W.3d at 439; Greer,
999 S.W.2d at 486; Baxter,
936 S.W.2d at 472.

Conclusion

          We hold that the trial
court did not abuse its discretion in revoking Jimenez’s community
supervision.  We affirm the judgment of the trial court.

 

 

                                                                             Jane Bland

                                                                             Justice

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.