**Affirmed as Reformed and Memorandum Opinion filed October 4, 2016.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-15-00529-CR

### KORI LYNN HENEGAR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1413242**

## M E M O R A N D U M   O P I N I O N

In three issues, Kori Lynn Henegar appeals from the trial court's adjudication of guilt and revocation of her community supervision for fraudulent use of identifying information, a state jail felony. *See* Tex. Penal Code § 32.51(b)(1), (c)(1) (West 2015). We reform the trial court's judgment and affirm it as reformed.

## FACTS AND PROCEDURAL BACKGROUND

Appellant Kori Lynn Henegar pleaded guilty to fraudulent use of identifying information. The trial court made no finding of guilt and instead placed appellant on community supervision for three years beginning in March 2014. The trial court ordered that appellant abide by 23 conditions of community supervision. On September 29, 2014, the State filed a motion to adjudicate guilt and the trial court ordered appellant's arrest. In its motion, the State alleged that appellant violated the conditions of her community supervision by failing to report as directed to the community supervision officer.[1] The State alleged 11 additional violations, including appellant's failures to pay her fine, court costs, and various fees, to perform her community service, to pay for and obtain an offender violation card, to submit to an alcohol/drug evaluation, and to provide proof of her high school diploma/GED or participation in the GED program.

The trial court held a hearing. Appellant entered a plea of "not true" to all allegations contained within the motion. After hearing testimony from witnesses, including appellant, and reviewing the admitted documentary evidence, the trial court found the allegations for failing to report for May, June, July, and August 2014 "not true," but found the allegations for failing to report for the months from September 2014 to March 2015 "true."[2] The trial court further found all "the remaining allegations" in the motion to adjudicate guilt "are true." The trial court adjudicated appellant guilty, revoked her community supervision, and assessed punishment at ten months' confinement in the Harris County Jail.

---

[1] Originally, the motion alleged that appellant failed to report from May 2014 through August 2014. The trial court subsequently allowed the State to amend that allegation to include the additional months of September 2014 through March 2015.

[2] Appellant first reported to the community supervision officer in April 2014 but while there she was taken into federal custody on a fraud charge. Appellant indicated she returned to Texas on September 18, 2014, about a week after being released from federal custody.

On appeal, appellant raises three issues. Appellant argues that the trial court erred in adjudicating guilt and revoking her community supervision: (1) based on her failures to report occurring after the arrest order was issued based on the motion to adjudicate guilt and (2) because the State failed to prove that appellant did not report as directed. Appellant also contends that the judgment is incorrect because it reflects she pleaded "true." We address appellant's first two issues together and then her third.

## ANALYSIS

### A. Appellant fails to contest all the alleged violations for her revocation that the trial court found "true."

In her first issue, appellant complains that the trial court erred in finding "true" allegations for failing to report for the months after the trial court ordered her arrest. In her second issue, appellant contends that, in any event, the State failed to prove she failed to report as directed.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Revocation is appropriate when a preponderance of the evidence supports any one of the State's allegations that the defendant violated a condition of her community supervision. *See id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Where the record reflects that multiple findings support the revocation order, a defendant must successfully challenge all of those findings to prevail on appeal. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App—Houston [14th Dist.] 1999, no pet.).

We need not address the specific finding complained of by appellant with regard to her failures to report. In neither her first nor second issue does appellant

3

complain about any of the other alleged violations that the record reflects the trial court also found "true." Because appellant does not challenge all the available grounds for her revocation, we overrule her first two issues. *See Joseph*, 3 S.W.3d at 640.

## B. The judgment is incorrect and should be reformed.

In her third issue, appellant complains that the judgment is incorrect because it reflects that she pleaded "true" to the allegations contained in the motion to adjudicate guilt. Appellant requests that we modify the trial court's judgment, and the State joins in her request. We agree—the record from the adjudication hearing clearly reflects that appellant entered a plea of "not true" to all of the allegations contained in the motion to adjudicate guilt. We sustain appellant's third issue.

In addition, the trial court's judgment reflects that appellant violated the conditions of her probation only "by failing to report to community service officer." As discussed above, however, the trial court found all of the other alleged violations in the motion to adjudicate guilt "true" and appellant does not challenge any of these other allegations. Moreover, the record evidence supports that appellant failed to complete any of her community service hours. Therefore, we will reform the judgment to reflect that the trial court also found appellant violated this condition of her community supervision. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Baxter v. State*, 936 S.W.2d 469, 473 (Tex. App.—Fort Worth 1996) (per curiam) (when appellate court has necessary data and evidence before it for reformation, it may reform erroneous judgment), *pet. dism'd, improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998).

## CONCLUSION

Accordingly, having overruled appellant's first and second issues and

4

sustained her third issue, we reform the trial court's judgment to reflect her plea to the motion to adjudicate guilt as "not true" rather than "true" and to reflect the trial court's finding that appellant also violated the terms and conditions of community supervision "by failing to perform community service." We affirm the judgment as so reformed.

/s/      Marc W. Brown
Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).