**Affirmed as modified; Opinion Filed November 9, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01388-CR

No. 05-17-01390-CR

No. 05-17-01391-CR

No. 05-17-01392-CR

**JAMES ALBERT MORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-80225-2016, 219-80226-2016, 219-80227-2016, & 219-80228-016**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Appellant James Albert Morris appeals from his adjudications of guilt and sentences for

aggravated robbery. Appellant argues in all four cases that the evidence is insufficient to prove he

violated the terms and conditions of his community supervision, and that the trial court abused its

discretion by adjudicating appellant's guilt and sentencing him to ten years' imprisonment. In a

third issue raised in only cause 05–17–01388–CR, appellant further argues the judgment in the

case should be modified. As modified, we affirm.

### DISCUSSION

In his first issue, appellant contends (in all four cases) that the evidence is insufficient to

prove that he violated the terms and conditions of his community supervision.

In November of 2016, appellant entered an open plea of guilty to committing four first-degree felony aggravated robberies. The trial court deferred adjudicating guilt, placed appellant on five years' community supervision in each case, and made an affirmative finding appellant used or exhibited a deadly weapon. Five months later, in April of 2017, the State filed a motion to adjudicate appellant's guilt in all four cases. In causes 01390, 01391, and 01392, the State's motion alleged:

> 1: that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 2nd of April 2017 in the County of Collin and State of Texas, the defendant did then and there commit the offense of Unlawful Carrying of Weapon;
>
> 2: that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 2nd of April 2017 in the County of Collin and State of Texas, the defendant did then and there commit the offense of Evading Arrest/Detention;
>
> 3: that the defendant has had direct contact with co-defendant, Darvin Staples during the commission of the new offenses on 4/2/2017;
>
> 4: that the defendant has failed to perform 25.00 hours of community service at the rate of 10.00 hours per month; has completed 0 hours;
>
> 5: that the defendant has failed to pay court costs of $349.00 within 30 days; has paid $0.00[.]

In cause 01388, the State's petition alleged as follows:

> 1: that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 2nd of April 2017 in the County of Collin and State of Texas, the defendant did then and there commit the offense of Unlawful Carrying of Weapon;
>
> 2: that the defendant has committed an offense against the laws of the State of Texas, to wit: on or about the 2nd of April 2017 in the County of Collin and State of Texas, the defendant did then and there commit the offense of Evading Arrest/Detention;
>
> 3: that the defendant has failed to pay the supervision fee assessed in the amount of $50.00 per month; delinquent amount is $250.00; has paid $0.00;
>
> 4: that the defendant has failed to reimburse Collin County $50.00 for the cost of urinalysis testing; has paid $0.00;

5: that the defendant has had direct contact with co-defendant, Darvin Staples during the commission of the new offenses on 4/2/2017;

6: that the defendant has failed to perform 25.00 hours of community service at the rate of 10.00 hours per month; has completed 0 hours;

7: that the defendant has failed to pay court costs of $386.70 within 30 days; has paid $104.00[.]

At the November 9, 2017 hearing, the trial court and the parties proceeded as if the five-paragraph petition applied to all four cases. Appellant pleaded "not true" to all the allegations in each case. The State abandoned its allegation that appellant evaded arrest on April 2, 2017 (paragraph two in both motions), noting that a jury had found appellant not guilty of that charge. Appellant's community supervision officer, Amy Eden, testified at the hearing. Three City of Plano police officers also testified. The trial court found that appellant had violated the terms and conditions of his deferred adjudication probation as alleged in paragraphs 1 (committing the offense of unlawful carrying of a weapon), 3 (having contact with Staples), and 4 (failing to perform community service) of the five-allegation motion. The trial court revoked appellant's deferred adjudication, found him guilty of the underlying offenses of aggravated robbery in each of the four cases, and assessed punishment at ten years' imprisonment, with the sentences to run concurrently.

In arguing the evidence is insufficient to prove he violated the terms and conditions of his community supervision, appellant focuses on the trial court's finding of "true" as to paragraph 1 in all four motions, which alleged appellant committed the offense of unlawful carrying of a weapon. Appellant does not challenge the sufficiency of the evidence to support the trial court's findings of "true" as to paragraph 3 (having contact with Staples) and paragraph 4 (failing to perform community service) in the five-allegation motion, or their equivalent in the seven-allegation motion in cause 01388—paragraphs 5 and 6.

A proper finding that a defendant violated any one of the conditions of his community

supervision is sufficient to support revocation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). The trial court's judgment should be affirmed if, as in this case, appellant does not challenge all of the grounds on which the trial court revoked community supervision. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order."); *see also Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996) (per curiam), *pet. dism'd as improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998) (per curiam); *Albolaez v. State*, No. 05–09–01355–CR, 2011 WL 477914, at *2 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (mem. op., not designated for publication). Accordingly, because any single unchallenged ground will support revocation, we need not consider whether the trial court erred by finding appellant violated the terms of his community supervision by committing the offense of unlawful carrying of a weapon. We overrule appellant's first issue.

In his second issue appellant argues (again, in all four cases) that the trial court abused its discretion by adjudicating appellant's guilt and sentencing him to ten years' imprisonment.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, nor did he file a motion for new trial raising this complaint. According to the record, when the trial court asked if there was any reason under the law why the defendant should not be sentenced, defense counsel said, "No, sir." Therefore, appellant has not preserved this issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *Cudjo v. State*, No. 05–17–00270–CR, 2017 WL 5897750, at *1 (Tex. App.—Dallas Nov. 29, 2017, no pet.) (not

–4–

designated for publication). We overrule appellant's second issue.

In a third issue raised in only cause 01388, appellant argues we should reform the judgment to reflect appellant's plea of "not true" to the State's adjudication allegations and to properly correlate the trial court's findings to the allegations in the State's motion to adjudicate in the case.

Both parties agree the judgment in this case should be modified. Appellant argues, and the State agrees, that the judgment in this case incorrectly states appellant pleaded "true" to the allegations in the State's adjudication motion, when he actually pleaded "not true." Furthermore, the judgment currently provides that appellant violated the terms and conditions of community supervision as alleged in the State's adjudication motion, as follows: "[Paragraphs] 1, 3, 4, State abandon's [sic] #2, and #5 Direct[ed] Verdict, as per attached petition to adjudicate." The seven-allegation motion from cause 01388 is attached to this judgment, and the five-allegation motion is attached to the other three judgments. As we noted earlier, however, the seven-allegation motion corresponds to the five-allegation motion regarding paragraph 1 (unlawful carrying of a weapon). But it is numbered differently as to the other two violations found by the trial court, i.e., paragraph 5 (regarding contact with Staples) and paragraph 6 (failing to perform community service). Additionally, the record reflects that when defense counsel asked for a directed verdict on "anything involving the payment of fees, fines, or surcharges," the trial court granted "that request as to [Paragraph] 5" of the five-allegation motion, which alleged that appellant failed to pay court costs of $349. The seven-allegation motion contained three such allegations: Paragraph 3 (failed to pay $250 supervision fee), Paragraph 4 (failed to reimburse Collin County $50 for urinalysis testing), and Paragraph 7 (failed to pay court costs of $386.70). Moreover, the State admits that to the extent these paragraphs are not covered under the trial court's ruling "as to [Paragraph] 5" of the five-allegation motion, the evidence does not support the allegations.

Where the record contains the necessary information to do so, we have the authority to

modify the incorrect judgment. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). "An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 526 (Tex. App.—Dallas 1991, pet. ref'd)).

Because the record contains the necessary information for us to do so, we will modify the judgment to reflect that appellant pleaded "not true" to the State's allegations. In addition, the judgment will be modified to show that appellant violated the terms and conditions of community supervision as alleged in the State's motion, as follows: "1, 5, 6; State abandons #2; and #3, 4, 7 Directed Verdict, as per attached petition to adjudicate."

As modified, we affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. 47.2(b)
171388F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JAMES ALBERT MORRIS, Appellant

No. 05-17-01388-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80225-2016.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Adjudicate:  TRUE" should be changed to "Plea to Motion to Adjudicate:  NOT TRUE"

"1, 3, 4, STATE ABANDON'S #2, AND #5 DIRECT VERDICT, AS PER ATTACHED PETITION TO ADJUDICATE" should be changed to "1, 5, 6; STATE ABANDONS #2; and #3, 4, 7 DIRECTED VERDICT, AS PER ATTACHED PETITION TO ADJUDICATE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 9th day of November, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ALBERT MORRIS, Appellant

No. 05-17-01390-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80226-2016.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ALBERT MORRIS, Appellant

No. 05-17-01391-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80227-2016.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ALBERT MORRIS, Appellant

No. 05-17-01392-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80228-2016.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2018.