

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-19-00409-CR

———————————

**WILLIAM ANTHONY SHARP, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6293; Honorable Stuart Messer, Presiding

September 2, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, William Anthony Sharp, was convicted by the court of the offense of

*assault by choking*,[1] enhanced by a prior felony conviction, and sentenced to twenty years

---

[1] Tex. Penal Code Ann. § 22.01(a)(1) (West 2019) (intentionally, knowingly, or recklessly causing bodily injury). An offense under this section is a third degree felony if committed against a person whose relationship is described by section 71.005 of the Texas Family Code as a member of the accused's household, and it is shown that the offense was committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the complainant by applying pressure to that person's neck or throat. Tex. Penal Code Ann. § 22.01((b)(2)(B) (West 2019).

confinement in the Texas Department of Criminal Justice—Institutional Division, and a fine of $5,000.[2] By two issues, Appellant contends the trial court erred by (1) allowing a copy of an *Admission of Use* form to be introduced into evidence without requiring proof that the original could not be produced and (2) finding Appellant had violated a condition of his community supervision, to-wit: failure to pay his fine and fees, when there was evidence that the failure to do so was not willful. Having reviewed the arguments and authorities presented, we modify the judgment of the trial court as provided hereinbelow and affirm the judgment as modified.

**BACKGROUND**

On January 14, 2019, Appellant was placed on deferred adjudication community supervision for a period of five years after pleading guilty to the offense of assault by choking. At that time, Appellant was released on community supervision, subject to certain terms and conditions.

On July 31, 2019, the State filed its *Motion to Adjudicate Guilt of Defendant,* alleging Appellant committed six separate violations of the terms of his community supervision. On November 25, 2019, the trial court held a hearing on the State's motion. At that hearing the State waived one of the two allegations Appellant consumed methamphetamine. The State proceeded on its allegations that Appellant consumed methamphetamine on one occasion, that he associated with a person of harmful or disreputable character, that he failed to report to his community supervision officer on June 19, 2019, that he failed to pay his community supervision fee for the months of

---

[2] *See* TEX. PENAL CODE ANN. §§ 12.42 (West 2019). An offense which is "punished as" a higher offense only raises the level of punishment and not the degree of the offense. *See Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

February, March, and June 2019, that he failed to pay his court-ordered fees for the months of February, March, April, May, and June 2019, that he failed to submit his financial statement for February, March, and April 2019, and that he failed to begin, attend, or participate in the "ACADA" program ordered by his community supervision officer.[3]  Appellant pleaded "not true" to each of those allegations.

After hearing the testimony of two community supervision officers as well as that of Appellant and his sister, the trial court found Appellant violated several conditions of his community supervision.  Specifically, the trial court found that he consumed methamphetamine, associated with a person of harmful or disreputable character, and failed to attend counseling as ordered.  The trial court further found that Appellant did not fail to report to his community supervision officer in June 2019 because the evidence showed that while he might not have reported on June 19, he did so on June 20.

After hearing the evidence relevant to the alleged violations of his community supervision, the trial court proceeded to hear punishment evidence.  At the conclusion of the evidence on punishment, the trial court revoked Appellant's community supervision, adjudicated him guilty of the "second-degree enhanced felony offense of assault by choking," and assessed his sentence at imprisonment for a term of twenty years.[4]  The trial court also assessed the original fine of $5,000 (with credit for any payments made

---

[3] One of the community supervision officers testified that "ACADA" is the Amarillo Council on Alcohol and Drug Abuse.

[4] As noted above, the offense of *assault by choking*, as alleged in the indictment in this cause is a third degree felony, not a second degree felony.  While the enhancement does raise the range of punishment, it does not raise the level of the offense.

while on community supervision), $1,150 in attorney's fees,[5] and $269 in court costs. This appeal followed.

### STANDARD OF REVIEW

We review a trial court's decision to revoke deferred adjudication community supervision and proceed to an adjudication of guilt under an abuse of discretion standard in the same manner that we review revocation of community supervision when a determination of the defendant's guilt is not deferred. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108 ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) [of Texas Code of Criminal Procedure] in a case in which the adjudication of guilt was not deferred."); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012). In a revocation proceeding, the State must prove by a "preponderance of the evidence" that the defendant violated a condition of community supervision as alleged in the motion to revoke or adjudicate. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia*, 387 S.W.3d at 26. Therefore, if, as to *every ground alleged*, the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the defendant's community supervision. *Cardona v. State,* 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (en banc).

---

[5] While the trial court did pronounce that Appellant would have to repay $1,150 in court-appointed attorney's fees, the judgment remains silent on the matter. Without evidence to demonstrate sufficient present financial ability to offset the cost of legal services provided an indigent defendant, a trial court errs by ordering reimbursement of court-appointed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2019); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App.2010).

4

In the context of a revocation proceeding, a "preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling to determine whether there is some evidence supporting the trial court's decision. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). In determining whether some evidence supports the trial court's decision, we must keep in mind that the trial judge is the sole trier of fact and arbiter of the credibility of the witnesses. *Johnson v. State,* 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.).

### ISSUE ONE—ADMISSION OF USE FORM

In Appellant's first issue, he contends the trial court abused its discretion and committed reversible error when it allowed the State to introduce into evidence a copy of the *Admission of Use* form without requiring proof that the original could not be produced. The State argues there was no reversible error because Appellant failed to challenge the other grounds on which the revocation of community supervision and adjudication of guilt were based. We agree with the State's contention.

Proof of a single violation will support a judgment adjudicating guilt. *Garcia*, 387 S.W.3d at 26 ("proof of a single violation will support revocation"); *Leonard*, 385 S.W.3d at 576 (stating that a trial court has discretion to revoke community supervision when a preponderance of evidence supports at least one of the State's allegations that the defendant violated a condition of community supervision). Therefore, in order to prevail

5

on appeal from a revocation proceeding, a defendant must successfully challenge every finding that supports the trial court's revocation determination. *Silber v. State,* 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.). *See Austin v. State*, No. 05-16-00531-CR, 2017 Tex. App. LEXIS 2970, at *11 (Tex. App.—Dallas Apr. 5, 2017, no pet.) (mem. op., not designated for publication) (because revocation of defendant's community supervision was justified based on any one of four violations of his community-supervision conditions that were unrelated to payment of assessed fees and costs, court did not need to address defendant's contention that trial court erred by revoking his community supervision and sentencing him to confinement without making finding that his failure to pay fees and costs associated with community supervision was intentional).

Here, Appellant does not challenge the trial court's findings that he associated with a person of harmful or disreputable character, that he did not file a financial statement explaining his inability to pay fees, and that he did not begin, attend, or participate in the "ACADA" program. Because other reasons for revocation remain unchallenged, the trial court did not abuse its discretion in revoking Appellant's community supervision and adjudicating him guilty of the assault offense. *Garcia*, 387 S.W.3d at 26; *Leonard*, 385 S.W.3d at 576. Consequently, we need not address Appellant's claim that the trial court erred by admitting a copy of the A*dmission of Use* form without requiring proof that the original could not be produced. *Austin*, 2017 Tex. App. LEXIS 2970, at *11. *See Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996, pet. dism'd). Accordingly, we overrule Appellant's first issue.

**ISSUE TWO—FAILURE TO PAY FINES AND FEES**

In Appellant's second issue, he argues the trial court committed reversible error when it found he failed to pay fines and fees when there was evidence that the failure to do so was not willful but rather a consequence of poverty. The State argues the trial court did not err because it was not required to determine Appellant's ability to pay under the circumstances of this case. We again agree with the State's contention.

Under article 42A.751(i) of the Texas Code of Criminal Procedure, revocation of community supervision based *solely* on a defendant's failure to pay costs and fees as required by the conditions of the defendant's community supervision necessitates that the State prove that the defendant had the ability to pay but failed to do so. TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (West 2019).[6] Article 42A.751(i) does not apply, however, to cases such as this where there are allegations that Appellant violated other conditions of his community supervision. *Id.* *See also Adame v. State*, No. 07-19-00007-CR, 2019 Tex. App. LEXIS 10765, at *10 (Tex. App.—Amarillo Dec. 11, 2019, no pet.) (mem. op., not designated for publication) (citations omitted) (when the State alleges more than one allegation at the revocation hearing, "the State is not required to prove the defendant had the ability to pay or that his failure to do so was willful"). As we have previously noted, the State also sought adjudication and revocation based on Appellant's consumption of methamphetamine, his association with a person of harmful or disreputable character, his

---

[6] This provision provides as follows:

In a revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(b)(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (West 2019).

7

failure to report to his community supervision officer, and his failure to begin, attend, or participate in the "ACADA" program.

Because article 42A.751(i) does not apply, the trial court did not err in finding Appellant violated the conditions requiring him to pay his community supervision fee and other court-ordered fees without requiring the State to prove he was able to pay but willfully chose not do so. *Adame,* 2019 Tex. App. LEXIS 10765, at *10. Moreover, as stated above, because Appellant's failure to pay court-ordered fees was not the sole basis for the revocation of his deferred adjudication, the trial court did not abuse its discretion in revoking his community supervision and adjudicating him guilty of the assault offense. *Garcia*, 387 S.W.3d at 26.

Having resolved Appellant's second issue against him, we overrule that issue.

### REFORMATION OF JUDGMENT

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

8

Here, the *Judgment Adjudicating Guilt* reflects the offense as a "2nd Degree Felony" when in actuality it is a "3rd Degree Felony." As such, the judgment of the trial court is reformed to reflect the degree of offense as a third degree felony. The trial court is ordered to prepare and file a *Judgment Nunc Pro Tunc* reflecting this reformation and the trial court clerk is ordered to provide a copy of that corrected judgment to the Institutional Division of the Texas Department of Criminal Justice.

CONCLUSION

Having overruled each of Appellant's issues, we modify the judgment of the trial court as provided hereinabove and we affirm the judgment as modified.

Patrick A. Pirtle
Justice

Do not publish.